No. 13.—JAMES H. ROGERS, plaintiff in error, vs. SAND-FORD KINGSBURY, defendant in error.

A Court of Equity does not relieve a person from a judgment which he might have prevented but for his own negligence.

In Equity, from Carroll Superior Court.  Decision by Judge HAMMOND, at Chambers, 30th October, 1856.

The bill alleges that the defendant Sandford Kingsbury brought an action for slander against the complainant, James H. Rogers, returnable to April Term, 1850, of Carroll Superior Court.

That in order to expedite the cause, and bring it to a final trial, complainant confessed judgment to defendant for *five hundred dollars*, reserving the right of appeal, and that it was the understanding of all the parties and attorneys in the case, that complainant's defence to said suit would not be impaired or in the least prejudiced by said confession.  The case was transferred to the appeal, and was continued from term to term, until December term, 1855, when a motion was made to dismiss said appeal on the ground, that the *affidavit* of inability to pay cost, made by complainant, to enable him to appeal in *forma pauperis*, was insufficient and defective; said motion was granted by the Court, and the ap-

Rogers vs. Kingsbury.

peal dismissed. Complainant's attorney excepted to the decision, and the bill of exceptions and all the papers, necessary to bring the case up to the Supreme Court, were prepared and signed, but owing to some mistake in the Clerk, said bill of exceptions and papers were not transmitted within the proper period to the Supreme Court, and the judgment of confession for five hundred dollars remains in full force against complainant, and the said Kingsbury is proceeding to enforce its collection. The bill prays that the defendant be enjoined from collecting and enforcing said judgment, that the same be set aside, and that complainant be allowed a trial on the merits.

Upon application to the Judge at chambers, he refused to sanction the bill and grant the injunction prayed for; to which decision complainant excepted, and assigns said refusal as error.

LATHAM, for plaintiff in error.

BUCHANAN, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The writ of error would have furnished a corrective for the errors complained of in the bill. But the benefit of the writ of error was lost to the complainant by his own *negligence.* If he had applied to this Court for a mandamus against the Clerk, at the term to which his writ of error was returnable, he would have saved the return of his case. But he never applied for a mandamus at any term, and he gives no excuse for never having applied for one. We must impute it to his negligence therefore, that he did not get a mandamus, and consequently, we must impute it to his negligence, that he missed having his case heard in this Court.

Now a Court of Equity will not relieve a party from a judgment which he might have prevented, but for his own negligence.

Perhaps the complainant is still entitled to a motion to set aside the judgment that dismissed the appeal. I incline myself strongly to think that he is. But he has no remedy in Equity.

The judgment ought to be affirmed.

Judgment affirmed.