GEO. A. VAUGHN, plaintiff in error, *vs.* E. W. FULLER, defendant in error.

Equity will not set aside a judgment, to give the defendant the benefit of a defence which he might have had at law, but the benefit of which at law, he lost by his own negligence.

Equity, from Carroll.   Decision by Judge HAMMOND.

This bill was filed by Geo. A. Vaughn, to enjoin and set aside a judgment obtained at law, against him by E. W Fuller.

The complainant alleges in his bill, that he has a good defence in law; that the notes upon which the judgment was obtained, and to which his name was signed, were void and fraudulent, and that Gray and Oaks, the persons who signed said notes, had no authority to sign his name to said notes, etc.

The defendant denies, in his answer, that there is any equity in the complainant's bill; that the notes were given by Gray, Oaks and Vaughn, as partners in the grocery business, and that they had the right to sign his (complainant's name) it being within their scope and authority, and that afterwards complainant acquiesced and acknowledged to defendant that the notes "were all right."

Upon the hearing, counsel for Fuller moved to dissolve

the injunction, which motion, the Court allowed, and Counsel for complainant excepted.

WRIGHT, for plaintiff in error.

MERRELL, *contra.*

*By the Court*—BENNING J. delivering the opinion.

There is no equity in this bill. Vaughn might have set up all the matters contained in the bill, as a defence to the suits at law, against him.

He set up none of them in defence of those suits. He gives no reason for the failure to do so. It is to be presumed, therefore, that the failure to do so, was owing to mere neglect.

Equity will not set aside a judgment, to give a party the benefit of a defence, the benefit of which he lost at law, by *his own neglect.*

But if there *was* any equity in the bill, it consisted in this allegation, that Oaks and Gray signed the name of Vaughn to the notes, without authority from Vaughn.

And this allegation, the answer denies. It does this in two ways. 1st. It says that Gray, Oaks, and Vaughn, were partners in the grocery business, and, that the notes were given for groceries for the partnership. The giving of the notes, then, was within the scope of the partnership business. And one partner has authority to bind the others, to anything done within the scope of the partnership business.

2d. The answer says, that Fuller, the person to whom the notes were given, in a few days after the giving of the notes, informed Vaughn of the fact that they had been given, and what for, and that Vaughn "said, it was all right, and received the groceries himself, which was the condition for which said notes were given."

Any way, therefore, we think that the Court was right in dissolving the injunction.

Judgment affirmed.