MARSDEN A. CLECKLEY, plaintiff in error, *vs.* BEALL, SPEARS & Co., defendants in error.

Where a party is sued, it is his duty to make defence promptly, if he have any.  He cannot permit a judgment to be rendered against him at law, and then set it aside in equity, unless he had a good defence, of which he was entirely ignorant, or he was prevented from making it, by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part.

Equity.    Motion for injunction.    Decided by Judge GIBSON.    Richmond County.    Chambers.    October, 1867.

The case made by Cleckley's bill was this:

In October, 1865, Albert A. Beall, of the firm of Beall & Fulton, warehouse and commission merchants, induced Cleckley to furnish them $1,000 00 to buy cotton; soon after, Cleckley let them have another $1,000 00 for the same purpose.  Cleckly expected Beall & Fulton to buy cotton in small lots, sell quickly, pay themselves commissions, and give him the profits.  In 1865, they advanced him $120 00.  In the Spring of 1866, under advice from the firm, he consented that his cotton, so bought, should be shipped to Liverpool

for sale. After time for selling it, he called on them for a settlement, and they replied that they had not received returns of the sale.

Before this account of sales was rendered, Cleckley applied to them for money; they said they had no money, but offered to endorse his note, so that he could get money in bank. Thereupon he drew a note for $500 00, payable to the order of Beall, Spears & Co., (to which firm said A. A. Beall also belonged,) and delivered it to Beall. He endorsed it, Beall Spears & Co., sent it to the bank and drew the money, and handed the same to Cleckley, remarking that they would soon settle with him. When this note was due, it was held by the Augusta Savings Bank, which would not give longer accommodation on it, and thereupon Cleckley made another note, at thirty days, payable to the order of Beall, Spears & Co., Beall endorsed it, Beall Spears & Co., got the money from the National Bank of Augusta, and took up the first note. When this last note fell due, Beall, Spears & Co. paid it. Cleckley refused to take it up; they sued him and got a judgment on the note, upon which a *fi. fa.* had been issued and was in the sheriff's hands for collection.

Cleckley, in making said notes, was, by Beall, led to believe, and did believe, that this was all a friendly arrangement made to raise money for him, when Beall & Fulton could not otherwise raise it, and that it would be arranged when he had a settlement with Beall & Fulton. After the notes were made, Beall & Fulton rendered an account of sales, by which Cleckley was in their debt, and this strange result was brought about by their buying, on his account, large lots of cotton, when it was clearly understood that they should only buy small lots with his said two thousand dollars. Still, however, believing that Beall, Spears & Co., only wished to get a judgment to bind his property, etc., and would not improperly use it, he had made no defence to said suit on said note.

But now, they are trying to enforce their said judgment, Cleckley has a bill for account and settlement pending against Beall & Fulton. Beall, Spears & Co., are not parties to it,

Cleckley *as.* Beall, Spears & Co.

because his dealings were with the first firm only. Beall used their name only to raise said money on the notes. Because A. A. Beall was a member of each firm, and because of the facts aforesaid, and because Cleckley claimed that Beall & Fulton owed him more than $500 00, he prayed that Beall, Spears & Co., should be enjoined from collecting their said *fi. fa.* against him, etc.

The Chancellor refused to grant the injunction, and this is assigned as error.

HOOK & CARR, for plaintiff in error.

F. MILLER, for defendants in error.

WALKER, J.

When suit is instituted against a party, it is his duty promptly to make his defence, if he have any, at the proper time, and in the proper manner. Stroup vs. Sullivan, 2 Kelly's R., 275. He cannot permit a judgment to be rendered against him at law and afterwards have it set aside in equity, unless he had a good defence of which he was entirely ignorant, or he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part. Revised Code, sec. 3074.

In this case the party had a distinct knowledge of his defence at the time he was sued, and he shows no sufficient reason for his failure to set it up in the Common Law action. Having failed, without a sufficient legal reason to make his defence at the proper time and in the proper manner, the defendant must suffer the consequences of his own *laches.* The laws do not favor the negligent and sleepy.

Judgment affirmed.