WILLIS YOUNG, Sr., plaintiff in error, vs. N. B. BROWN & COMPANY, defendants in error.

WILLIS YOUNG, Sr., plaintiff in error, vs. N. B. BROWN, defendant in error.

When Young applied for a homestead, as the head of a family, and, on an appeal from the Court of Ordinary to the Superior Court, a verdict was found against him, on the ground that he was not the head of a family. Afterwards, he made a second application for homestead, on the same land, as the head of a family, which was allowed by the Ordinary, and an appeal was taken to the Superior Court. When the case was called in the Superior Court, a motion was made to dismiss the application, on the ground that the applicant's right to a homestead

Young *vs.* Brown & Company.

had been adjudicated. The applicant made a motion to amend his petition for homestead by inserting a new right of homestead which had accrued since the former verdict and judgment, but which was not included in his petition to the Ordinary. The Court refused to allow the amendment, and dismissed the application:

*Held,* That the Court erred in refusing to allow the amendment and dismissing the petitioner's application without a hearing of the same, under the evidence in the case.

Homestead. Appeal. Amendment of petition for homestead. Writ of possession. Former judgment. Tried before Judge SCHLEY. Screven Superior Court. May Term, 1871.

These two cases were argued together. The first was a caveat to a homestead applied for by plaintiff in error. The second was a motion made by defendant in error for a writ of possession to the land in which the homestead was applied for, claimed under a purchase made by said defendant at a sheriff's sale, pending the second application. This sale was made subject to the right to the homestead. The second case was "reversed upon the ground that the Court below erred in granting the order to turn said Young out of possession of the land until the question of homestead had been finally determined."

For the facts of these cases, see the decision of the Court.

JOHN D. ASHTON; J. C. DELL; J. L. SINGLETON, represented by R. H. CLARKE and JULIAN HARTRIDGE, for plaintiff in error.

W. HOBBY; J. R. SAUSSY, for defendants. Plaintiff in error is estopped from claiming homestead: 41 Ga. R., 95. The 7th section of the Act of October 28th, 1870, has been declared unconstitutional: 42 Ga. R., 405; 41 *Ibid.,* 620; 18 *Ibid.,* 471. The second application had no place in Court, and was, therefore, not amendable: 13 Ga. R., 217; 41 *Ibid.,* 128.

WARNER, Chief Justice.

This case came before the Court below on appeal from the Court of Ordinary of Screven county.  It appears from the record that Willis Young, Sr., as the head of a family, applied for a homestead, which' was objected to by Brown & Company, his mortgage creditors, but was allowed by the Ordinary.  An appeal was taken to the Superior Court, and on the trial of that appeal, the jury found that the applicant was not entitled to a homestead, as the head of a family, and judgment was entered upon that verdict.  Afterwards, in January, 1871, the said Young again applied to the Ordinary for a homestead on the same land, which was allowed, and an appeal was again taken to the Superior Court.  When the case was called in the Superior Court, Brown & Company, the appellants, moved the Court to dismiss the application for a homestead, on the ground that the right thereto was *res adjudicata.*  The applicant then moved the Court to amend his petition for homestead by inserting an additional ground for homestead, to-wit: a new right of homestead which had accrued since the former judgment, but which was not included in his petition to the Ordinary.  The Court refused to allow the applicant to amend, and dismissed his application for homestead.  Whereupon, the applicant excepted.

If the appellant relied on the former judgment as a bar to the second application he should have pleaded the same in bar, and then the question would have been made whether, under the evidence submitted, and the law applicable thereto, the former judgment was a bar to the second application.  In our judgment, the applicant had the right to amend his petition in the Superior Court so as to shew such facts as would entitle him to a homestead as the head of a family, which did not exist at the time of the rendition of the former judgment.  Whether the evidence of his new right to a homestead as the head of a family would have been sufficient, under the law, to relieve him from the bar of the former

judgment, was the question to be tried, and about which we express no opionion; neither do we express any opinion as to the right of the applicant to have a homestead on the land as against the mortgage of Brown & Company. All that we do say is that he was entitled to be heard, and that the Court erred in dismissing his application without hearing the evidence in the case.

Let the judgment of the Court below be reversed.