JAMES P. SIMMONS, plaintiff in error, vs. GEORGIA V. MARTIN, administratrix, defendant in error.

Where it is sought to enjoin the enforcement of a common law judgment on the ground that the complainant was prevented from making his defense to the suit in which the same was rendered, by mistake, oversight, etc., due diligence must be shown, and the facts set forth demonstrating how such omission occurred.

Equity. Injunction. Judgments. Before Judge RICE. Gwinnett County. At Chambers. April 20, 1875.

The principle of law enunciated is sufficiently clear without the report of any facts additional to those stated in the decision.

JAMES P. SIMMONS, for plaintiff in error.

N. L. HUTCHIN; F. F. JUHAN, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant praying for an injunction to restrain the collection of a common law *fi. fa.* issued on a judgment obtained against the complainant. The presiding judge refused the injunction prayed for, and the complainant excepted. This is the third time this case has been before this court. The complainant insists that he has been prevented from making his defense to the suit at law against him, by mistake, oversight, unintentional, undiscovered and accidental omission and surprise, as he has alleged and set forth in his bill. The general rule is that

a court of equity will interfere with the judgment of a court of law only, when the party complaining had a good defense of which he was entirely ignorant, or where he was prevented from making it, by fraud, or accident or the act of the adverse party, unmixed with negligence on his part: Code, sections 3129, 3218, 3220. On looking through the allegations contained in the complainant's bill, the same are not sufficient, in our judgment, to entitle him to have the common law judgment against him enjoined under the rule before stated. Parties, when sued at law, are bound to full diligence in making their defense. It is not sufficient for a party to allege that he has been prevented from making his defense, by mistake, oversight, unintentional, undiscovered and accidental omission, but he must further allege *how* the mistake, oversight, unintentional, undiscovered and accidental omission, occurred, so that the court may see that there was no fault, or want of diligence on his part, which the allegations in complainant's bill fail to show. It is for the interest of parties that there should be an end of litigation.

Let the judgment of the court below be affirmed.