PLATT *vs.* SHEFFIELD, sheriff, *et al.*

Equity will not interfere to set aside or restrain the collection of a judgment regularly obtained in a court of law between the same parties and subjecting the same property to the payment thereof, where the entire trouble of the complainant was caused by his own *laches,* unmixed with any fraud on the part of the judgment creditor.

Equity. Judgments. *Res. adjudicata.* Homestead. Before Judge HOOD. Miller County. At Chambers. October 25, 1879.

Reported in the opinion.

H. C. SHEFFIELD, by JACKSON & LUMPKIN, for plaintiff in error.

No appearance for defendants.

JACKSON, Justice.

This was a bill filed for injunction and *mandamus* to the sheriff to receive claim papers and return them into court for a third claim on the following facts:

Dunbar recovered judgment against Platt in 1878, which was levied on the house and lot in dispute. Platt filed a petition to the ordinary to supplement his homestead with this house and lot. It was granted, and Platt filed a claim

to it as homestead. This claim he withdrew, because there was an error in it. Sheriff was proceeding to execute the process and sell when Platt filed a second claim. On this trial Platt introduced his homestead papers, with the supplement containing the setting apart of this house and lot. The supplement was ruled out on the ground that the petition did not show whose property the house and lot was. Whereupon Platt moved to withdraw the claim again, but the court denied the motion, and the property was found subject, and the execution ordered to proceed.

Whereupon Platt made another application for a homestead in this same property, which was granted, the petition, etc., etc., being this time right, and then claimed again, and the sheriff refused to receive and return the claim papers.

Whereupon this bill was brought to enjoin the sheriff from selling, and to command him to return the claim papers. The injunction was refused, and he excepted.

This is an attempt to prevail upon a court of equity to interpose to prevent the execution of legal process of a court of law on a judgment regularly obtained, subjecting the property and ordering the execution to proceed and sell it.

This cannot be done by a court of equity, according to its well settled principles, where there is *laches* or negligence on the part of the complainant, Code, §§3129, 3595. It was his own neglect that the first homestead by supplement was not right—that his first claim papers were not right, and his whole trouble has been caused by his own *laches*. No fraud of any sort is charged on the other side, and no accident prevented his defense, and he had no defense of which he was ignorant. The judgment of a court of law was pronounced against him on claim of a homestead in this same property, it was found subject, and the case is *res adjudicata*, Code, §§2897, 3577, 3326.

This case is unlike those cited by plaintiff in error, to-wit: 6 *Ga.*, 495; 27 *Ga.*, 58; 45 *Ga.*, 552; 47 *Ga.*, 452;

40 *Ga.*, 293 ; 37 *Ga.*, 581. Here the parties and subject matter are exactly the same, the *laches* and carelessness are all with the plaintiff in error, no accident happened to him, and nobody defrauded him. There must be some end to litigation, and while our constitution and laws favor homestead and exemptions for families, there must be some limit to the number of times their heads will be permitted to take them cut and perfect them, and thus amend their testimony.

The judgment is therefore affirmed.