## McCAULIS *vs.* DUVAL.

[On account of providential cause, JACKSON, Chief Justice, did not preside in this case.]

A judgment may be set aside by a decree in chancery, when the party had a good defence of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part. But where to a suit on a note the defendant pleaded payment, a failure to discover or avail himself of all the testimony which he now alleges he is able to produce—arising from the carelessness and negligence of himself and his agents—furnishes no ground for equitable interference to prevent the execution of legal process. Code, §§3129, 3595 ; 63 *Ga.*, 628.

(*a.*) That payments on a note were made by a debtor (who, during the the time of making them, resided in another state), sometimes by money order, draft, registered letter and express, sometimes by the debtor himself, and sometimes by others for him ; that acknowledgments of these payments were sent to him at a point in this state ; that his letters were frequently taken out by one who used

Small *vs.* Sparks & Son *et al.*—Bazemore *vs.* Davis.

his post-office box jointly with him, and who failed to deliver all his letters to him; and that he had discovered an acknowledgment of a . payment, while re-adjusting some old furniture, deposited in an old desk which he had not used for years, furnishes no ground for equitable relief against a judgment for a balance due on the note, after the suit thereon has been fully tried on the issue formed by a plea of payment.

December 5, 1882.

CRAWFORD, Justice.