*W. G. Martin* and *Shipp & Sheppard,* for plaintiffs in error.
*Hollis Fort,* contra.

---

## WASH, guardian, *v.* WASH, administrator.

FISH, C. J. 1. From a judgment of a court of ordinary, sustaining a demurrer to a petition seeking the revocation of letters of administration previously granted, an appeal will lie to the superior court. Civil Code (1910), § 4999; *Teasley* v. *Vickery,* 133 *Ga.* 721 (66 S. E. 918).

2. A petition seeking to set aside the judgment of a court of ordinary appointing an administrator, and to revoke his letters, alleged that the

only ground set forth in the application for administration was that the applicant "was requested to administrate upon said estate by the relatives of" the intestate. The petition further alleged "that the appointment of the defendant [the administrator] was null and void, and that the court had no jurisdiction to make said appointment, as the defendant was neither an heir at law, or creditor . . . and no relation, either by blood or marriage, to [the intestate]; neither was he nominated and selected by the heirs or any of them of" the intestate. *Held*, that the petition was not subject to general demurrer. Civil Code (1910), § 3943; *Towner* v. *Griffin*, 115 *Ga.* 965 (42 S. E. 262). It follows, of course, that an amendment to such petition, which merely amplified its allegations did not make it subject to general demurrer.

3. As the petition was brought by a guardian in behalf of his minor wards, alleged to be heirs at law of the intestate, it did not appear from the petition that the action was barred.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*

JUNE 26, 1916.

Appeal. Before Judge George. Irwin superior court. October 22, 1914.

*H. J. Quincey, H. E. Oxford,* and *Haygood & Cutts,* for plaintiff. *McDonald & Bennett,* for defendant.