## WASH *et al. v.* DICKSON.

1. A judgment of a court of ordinary, granting letters of administration upon an estate, being a judgment of a court of general jurisdiction, can not be collaterally attacked unless the record negatives the existence of necessary jurisdictional facts.
2. An allegation in a petition for letters of administration, that the petitioner "is entitled under the law to be appointed administrator of said estate, being requested so to do by the relatives of said deceased," does not negative the existence of necessary jurisdictional facts.

3. There was no abuse of discretion in granting an interlocutory injunction, inasmuch as the evidence on the question of possession was in conflict; and the injunction granted was not mandatory in character.

No. 236. JANUARY 16, 1918.

Injunction. Before Judge Crum. Ben Hill superior court. February 10, 1917.

In November, 1916, M. Dickson filed his petition for injunction against James Wash and George Wash, alleging, that he is the owner of two certain tracts of land described; that he purchased the land on February 2, 1904, from L. Kennedy, administrator of the estate of William Wash; that there is in cultivation on said land fifty acres, more or less; that the defendants are entering upon the land and threatening to dispossess him and his tenant, without right or authority, and will continue so to do unless enjoined; that the defendants are insolvent; that petitioner is in possession of the land and has been in possession since the date of his purchase. The defendants answered, and claimed the right to the possession of the land under Edd Wash, the administrator of William Wash, alleging that they were tenants of Edd Wash, who as administrator held the legal title to the land, William Wash having owned it in his lifetime and having died in possession of it. On the hearing an interlocutory injunction was granted against the defendants, substantially as prayed for. In January, 1917, Dickson presented to the court a supplemental petition in which he set forth the foregoing facts, and alleged that, immediately upon the entering of the order temporarily enjoining James and George Wash, Edd Wash, a resident of Irwin county, entered upon the land and was trying to evict petitioner, and threatened to continue to enter upon said land and prevent petitioner's tenants from cultivating it. The prayers were that the original petition against George and James Wash be amended by making Edd Wash, both individually and in his capacity as administrator of William Wash, a party defendant; that he be enjoined "from going upon, plowing, or in any way interfering with petitioner's possession of the land hereinbefore described;" and that the relief sought in the original petition be granted as against Edd Wash, both as an individual and in his capacity as administrator. To this petition Edd Wash demurred upon the grounds, that it set forth no cause of action against him either individually or as administrator; and that it was not alleged that he was insolvent, or that he was not

under a good and sufficient bond as administrator of the estate of William Wash. He also answered and denied any personal knowledge of the original petition filed by Dickson against James and George Wash or of the subsequent proceedings thereon. He admitted that he had entered upon the land in question and had commenced to plow it and intended to cultivate it. He alleged, that he was the duly constituted administrator of the estate of William Wash, who was the owner of the land involved; that Kennedy was never legally appointed administrator of the estate of William Wash; that Dickson was not a bona fide purchaser of the land owned by William Wash, at the sale thereof by Kennedy; that the application upon which Kennedy was appointed had been before the Supreme Court of Georgia, which court held that the letters of administration issued to him were not lawfully granted, and that he had no right to such administration, such facts appearing upon the face of the record wherein Kennedy had been appointed; that about the first of January, 1913, J. C. Hays, whose wife was an heir at law of William Wash, had lawfully entered into the possession of a portion of the farm claimed by Kennedy, and still held possession of the dwelling-house occupied by William Wash in his lifetime; that while this entry by Hays was prior to the appointment of the defendant as administrator, he nevertheless ratified the same; that the tenant of Dickson, during the latter part of the year 1916, advised the defendant and his tenants that he intended to recognize the title of defendant and would not hold, or attempt to hold, possession of the land under Dickson longer than the end of the year; and that the defendant personally went upon the land and commenced to plow the same, when he was served with this ancillary petition. He prayed that the plaintiff be enjoined from interfering with him or Hays, or any other person acting under the estate of William Wash, in the possession of the particular portion of land claimed to be in the possession of Hays and the defendant. Upon the hearing the court allowed the amendment making Edd Wash a party defendant, and granted an interlocutory injunction against him, substantially as prayed. To this judgment he excepted. On the question of possession the evidence was in conflict; but in so far as the right to injunction depended upon a question of law, as contended by plaintiffs in error, a brief synopsis of the evidence material to an understanding

of this contention is as follows: William Wash died in 1903. L. Kennedy applied for letters of administration upon his estate, and alleged: "Petitioner is entitled under the law to be appointed administrator upon said estate, being requested so to do by the relatives of said deceased." On this petition the usual citation was granted, and a judgment reciting the application, the citation, publication, "and it appearing that said application should be granted," was duly rendered, appointing the applicant administrator as prayed. Subsequently Kennedy as administrator obtained from the court of ordinary an order authorizing him to sell the land of the estate for the purpose of paying the debts and making distribution among the heirs at law of the intestate. The proceedings were regular in all respects. On February 2, 1904, the administrator, having complied with the law, sold the land of the estate, and M. Dickson became the purchaser. He immediately went into possession of the land (the same land as described in the petition), and has remained in adverse possession of it to the present time. In 1912 he rented the land to one Ive Hays, who refused to deliver possession at the end of the year, and a warrant was sworn out by Dickson to dispossess him. After this warrant had been exhibited, Ive Hays surrendered the premises, but immediately afterward his brother, J. C. Hays (the husband of one of the heirs at law of William Wash), took possession of the main dwelling-house upon the land in dispute. The injunction granted on the application of M. Dickson, restraining J. C. Hays from trespassing upon or interfering with the possession of the land in cultivation, has not been modified or revoked. Dickson has cultivated the open land each year since his purchase at the administrator's sale.

*H. J. Quincey, Lankford & Moore, J. W. Haygood,* and *Eldridge Cutts,* for plaintiffs in error.

*McDonald & Bennett* and *O. H. Elkins,* contra.

GEORGE, J. (After stating the foregoing facts.) The main contention of the plaintiffs in error is that the judgment of the court of ordinary, appointing Kennedy administrator of the estate of William Wash is void, and therefore Dickson's deed is void, and both being void they can, in a proceeding confessedly collateral, be attacked as void. Incidentally it is said that the Supreme Court in *Wash* v. *Wash,* 145 *Ga.* 405 (89 S. E. 364), declared,

in effect, the judgment appointing Kennedy administrator to be void. The necessary effect of the decision referred to will be presently considered.

A court of ordinary in the matter of administering estates is a court of general jurisdiction. *Tant* v. *Wigfall,* 65 *Ga.* 412; *Barclay* v. *Kimsey,* 72 *Ga.* 725; *Jones* v. *Smith,* 120 *Ga.* 642 (48 S. E. 134). It is to be presumed in favor of one of its judgments that every fact necessary to make it valid and binding was before the court. *Jones* v. *Smith,* supra; *Stuckey* v. *Watkins,* 112 *Ga.* 268 (37 S. E. 401, 81 Am. St. R. 47). Thus, if the record is incomplete, or is merely silent concerning jurisdictional facts, the judgment, by reason of the presumption, will sustain itself against collateral attack by parties or privies on account of an alleged want of jurisdiction. 1 Black on Judgments (2d ed.), 406, § 271; *Medlin* v. *Downing Lumber Co.,* 128 *Ga.* 117 (57 S. E. 232); *Riddle* v. *Shoupe,* 147 *Ga.* 387 (94 S. E. 236). For want of jurisdiction, appearing on the face of the record, the judgment may be collaterally attacked. *Jones* v. *Smith,* supra. From the foregoing elementary principles deducible from all our decisions, it follows that a judgment of a court of ordinary granting letters of administration can be collaterally attacked only where the jurisdiction of the court is negatived by the record. The petition upon which the administrator was appointed alleged that "petitioner is entitled under the law to administer upon said estate, being requested so to do by the relatives of said deceased." By this allegation the right of the applicant to administer the estate is claimed, but the averment does not purport to be exhaustive. If so, the averment is that the petitioner is legally entitled to administer the estate, because "requested so to do by the relatives of said deceased." The Civil Code (1910), § 3943, provides rules for granting letters of administration. By par. 3 under that section, where there are several of the next of kin equally near in degree, "the person selected in writing by a majority of those interested as distributees of the estate, and who are capable of expressing a choice, shall be appointed," even though the person selected be a stranger. *Mattox* v. *Embry,* 131 *Ga.* 283 (2), 286 (62 S. E. 202). By par 6, any qualified, disinterested person may be selected to administer the estate by the persons entitled to the estate. The allegation that the applicant had been "requested" to administer the estate "by

the relatives" of the intestate is not inconsistent with a selection by the relatives, or those entitled to the estate. "The relatives of the deceased" is a broad term, and may include the next of kin. In the many cases in our books dealing with contracts required by the statute of frauds to be in writing, it has been uniformly ruled that if the petition declares on such a contract and does not disclose that the contract is an oral one, the presumption is that the contract is in writing; and this is true as against even a special demurrer. The allegation in the application for letters of administration in the instant case not only does not negative the existence of jurisdictional facts, but, in the absence of a special demurrer, is sufficient to admit proof to the effect that the applicant has in fact been selected in writing by a majority of the next of kin of the intestate, or has been selected by those persons entitled to the estate.

The necessary effect of the decision in the case of *Wash* v. *Wash,* supra, is that the judgment rendered upon the application filed by Kennedy was not void for want of jurisdiction, appearing upon the face of the record, but void only in the event it should be shown, as the motion to set aside the judgment alleged, that the applicant was not requested by the relatives of the intestate to administer the estate, and was not in fact entitled under the law to administer the estate, that is, did not come within any one of those classes of persons designated in the Civil Code, § 3943. The precise fraud, though it is charged—as it properly should be charged—"after the fact," and not "after the legal effect of the fact," is the representation made to the court that the applicant was "requested by the relatives" of the intestate to administer the estate, when in truth he had not been requested or selected by the heirs at law and was not otherwise entitled to the appointment prayed.

Whether the judgment appointing the applicant administrator of the estate was in fact void remains for determination by the jury on the trial of the direct proceeding filed to set aside the judgment, but it can not be collaterally attacked in this proceeding; and the controlling contention made by the plaintiff in error must be determined against him. He erroneously interpreted the decision of the court in *Wash* v. *Wash,* supra, in ruling upon the sufficiency of the petition to withstand a general demurrer. His

going upon the land of the defendant in error was therefore a legal trespass; and so long as the judgment appointing the administrator, and the deed executed by the administrator thus appointed, remain of force and effect, the attempt to interfere with the possession of the defendant in error must be considered a trespass. The plaintiff in error can have no vested right in those wrongful acts which he misconceives to be the "possession" which a court of equity will not disturb by injunctive relief by restraining further and continuing acts of trespass. *Goodrich* v. *Georgia Railroad Co.*, 115 *Ga.* 340 (41 S. E. 659); *Mackenzie* v. *Minis,* 132 *Ga.* 323 (8), 325 (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723). Nor can it avail a continuing trespasser as against the prayer of one actually in possession of land, as the judge was authorized to find under the evidence in the present record, that he is financially able to respond in damages for his trespass. *Moore* v. *Daugherty,* 146 *Ga.* 176 (2), 179 (91 S. E. 14).

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*