## STEWART *v.* PATTERSON.

Under the pleadings and the evidence in the case, the court did not err in refusing an interlocutory injunction.

No. 2519. FEBRUARY 18, 1922.

Petition for injunction. Before Judge Dickerson. Cook superior court. December 15, 1920.

*J. P. Knight, J. C. Smith,* and *R. A. Hendricks,* for plaintiff in error.

FISH, C. J. On the 7th day of November, 1919, W. B. Parrish made a will devising to Dan Stewart all of his property of every nature, and on the same day made warranty deeds conveying to Stewart all of the real estate owned and possessed by him. On

the 3d day of March, 1920, Parrish died in Cook County, Georgia. On the 4th day of March, 1920, Dan Stewart, named as executor of the will of the deceased, filed for probate in solemn form the will, and the application for probate was made returnable to the April, 1920, term of the court of ordinary. Citation was duly issued, and all the heirs of the deceased were served. Caveat to the probate was filed, and by consent the case was appealed to the superior court, where it is now pending. On the 21st day of May, 1920, A. W. Patterson was granted temporary letters of adminis⸱ tration on the estate of the deceased, upon his application reciting that he was an uncle of the deceased by marriage. In the order of the court of ordinary appointing him temporary administrator Patterson was directed to make his returns to the next term of the court on the first Monday in July, 1920. On May 26th, 1920, the court of ordinary passed an order reciting that Patterson " was inadvertently granted temporary letters of administration on the estate of the said W. B. Parrish, when· in point of fact there was no necessity or authority therefor," and permitted Dan Stewart, who was named as executor in the will, to give bond for the faithful preservation of the estate and the accounting for and surrender of the same to the court of ordinary, or to the named caveators in the event the latter should prevail. On the 17th day August, 1920, Patterson, as temporary administrator, brought an action of trover against Stewart for certain personalty belonging to the estate of the deceased and in the possession of Stewart. To this suit, which was filed in the superior court of Cook County, the defendant filed his answer in the nature of an equitable cross-action, which was passed upon by the court on the 15th day of December, 1920. An interlocutory injunction was denied to the defendant, and the plaintiff in the trover suit was allowed to proceed with the same. To this judgment and order of the court the defendant excepted.

The court did not err in refusing an injunction. It appears that Patterson had been selected as temporary administrator by a court of competent jurisdiction. If the court under the facts of the case was not authorized to make this appointment, the plaintiff in error should have instituted proceedings in the court making the appointment, or should have sought in his equitable cross-action, by direct attack upon the judgment and order appointing the

temporary administrator, to have it set aside. It ·may be that the pleader intended, in his answer in the nature of a cross-action filed to the trover suit, to make an attack upon the judgment and to ask that it be set aside. But he did not do so, and the court was not under duty to supply the necessary allegations and prayers to make that answer a direct attack upon the judgment appointing Patterson temporary administrator on the ground of a want of jurisdiction and authority to make such appointment; and without such direct attack the court could not set aside that judgment. The order granted by the ordinary appearing in the record, authorizing Stewart to hold the personal property of the decedent upon giving bond, and containing the recital also that Patterson was inadvertently granted temporary letters of administration, " when in point of fact there was no necessity or authority therefor," and declaring such letters revoked, was without effect, as there is no evidence that Patterson was served with any notice of the institution of any proceedings to revoke the letters granted him. It is alleged that Patterson failed to file and have approved his bond and to otherwise qualify as temporary administrator. If that be true, it will be ground of defense in the action at law, the trover suit. And if it also appears on the face of the record, in the matter of Patterson's application for appointment and the judgment appointing him, that under the allegations contained in the application the judge was without jurisdiction to make the appointment, then the order appointing him temporary administrator would be void; and this could also be urged as a complete defense in the trover suit (*Wash* v. *Dickson,* 147 *Ga.* 540, 94 S. E. 1009), and the resort to equity was not necessary to make such defense available to the plaintiff in error. If, however, the judgment appointing Patterson was merely voidable, or it was necessary to attack it on grounds not appearing on the face of the record, then Stewart should have made, as we have pointed out above, a direct attack upon it for the purpose of having it set aside, and his petition should have had allegations appropriate to that purpose, as well as prayers for that specific relief; which were wanting in the equitable answer which he filed, and upon the consideration of which the judge refused the injunction.

*Judgment affirmed. All the Justices concur.*