MARSHALL *v.* MARTHIN *et al.*

No. 14232.   SEPTEMBER 21, 1942.

500

*Robert B. Blackburn,* for paintiff in error.

*J. Howell Green,* contra.

GRICE, Justice. If Marshall acquired by his purchase at the administrator's sale the title to property owned by Mrs. Pair, petitioners have no right to an injunction preventing him from disposing of it. Unless they are entitled, under the facts alleged by them, to have set aside as fraudulent and void the judgment of the court of ordinary appointing Matthews as administrator, their case must fall. It would be a vain and useless thing to enjoin him until they could proceed in the court of ordinary to seek to set aside its judgment, if on the facts disclosed by them, and on which they base their prayer for relief, they show no sufficient reason therefor.

The predicate of the attack on the judgment appointing the administrator is that the applicant falsely and fraudulently represented to the court of ordinary that he had been requested "by the sole heir at law of said Mrs. Mary J. Pair to act as administrator of her estate." The allegations of the petition are to the effect that Mrs. Pair left a son, Marshall, the plaintiff in error, and the defendants in error, who are the descendants of another son who predeceased her. Therefore Marshall was her next of kin. There is no averment that the administrator had not been selected by Marshall. On the contrary, referring to the representation by Matthews in applying for the administration on the representation that he was acting at the request of the sole heir at law of Mrs. Pair, it is averred: "in which fraud the said D. M. Matthews had the co-operation of the said James Henry Marshall." In another place in the petition, alleging that D. M. Matthews had fraudulently obtained appointment as administrator, etc., it is said: "both

said Matthews and said Marshall claiming that the said Marshall was the sole heir of said Mary J. Pair." In still another place in the petition, referring to the final returns of Matthews wherein he purported to have paid certain moneys to Marshall, it is said, referring to Marshall; "presumably the sole heir referred to by said Matthews in his application for administration." The familiar rule that pleadings are to be construed most strongly against the pleader is especially applicable to a petition that seeks to declare void a judgment of the court of ordinary appointing an administrator, where it appears that the person so appointed has sold the land belonging to the estate, made his final return, and received his discharge. Every presumption is to be indulged in favor of the validity of the judgment under attack. It is fair to assume that Matthews was selected by Marshall to apply for the letters.

In view of the relationship of the parties as set forth in the petition, Mrs. Pair being a widow with one child (Marshall) surviving, he was the next of kin. The Code, § 113-1202, states the rules to be observed in granting letters of administration. Under subsection 2, Marshall as the next of kin was entitled to the administration. Under subsection 3 it is provided that if there be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate, and who are capable of expressing a choice, shall be appointed. Under subsection 6, "The persons entitled to an estate may select a disinterested person as administrator; and if otherwise qualified, he shall be appointed."

This court held, in *Wash* v. *Dickson*, 147 *Ga.* 540 (94 S. E. 1009), that "An allegation in a petition for letters of administration, that the petitioner 'is entitled under the law to be appointed administrator of said estate, being requested so to do by the relatives of said deceased,' does not negative the existence of necessary jurisdictional facts." In the opinion it was said: "By par. 6, any qualified, disinterested person may be selected to administer the estate by the persons entitled to the estate. The allegation that the applicant has been 'requested' to administer the estate 'by the relatives' of the intestate is not inconsistent with a selection by the relatives, or those entitled to the estate. 'The relatives of the deceased' is a broad term, and may include the next of kin. In the many cases in our books dealing with contracts required

by the statute of frauds to be in writing, it has been uniformly ruled that if the petition declares on such a contract and does not disclose that the contract is an oral one, the presumption is that the contract is in writing; and this is true as against even a special demurrer. The allegation in the application for letters of administration in the instant case not only does not negative the existence of jurisdictional facts, but, in the absence of a special demurrer, is sufficient to admit proof to the effect that the applicant has in fact been selected in writing by a majority of the next of kin of the intestate, or has been selected by those persons entitled to the estate." Measured by the foregoing decision, Matthews' application for letters did not negative the existence of necessary jurisdictional facts; and its reasoning also supports the conclusion that an allegation that one has been selected "by the sole heir at law" is broad enough to include "the sole next of kin;" and Marshall was the next of kin. As a matter of fact, in nearly all cases those who are the heirs at law are those who are the next of kin. It was no false and fraudulent representation, therefore, for Matthews to represent to the court of ordinary that he had been selected by the sole heir at law, meaning the sole next of kin; for he was so selected. The petition states no facts to justify the court of ordinary in setting aside the grant of administration on the ground that the court was imposed on by the representation by Matthews in his application for administration.

Petitioners state that they wish Marshall enjoined until they can in the court of ordinary set aside also other proceedings in that court. Among these was the order discharging Matthews as administrator. If the allegations of the petition be true in fact, these petitioners may have a case against the estate of Matthews, and perhaps his bondsmen. Whether they have or not is not a question for decision upon this record; but assuming that such may be, that furnishes no reason for the grant of the only relief prayed against Marshall, which is that he be enjoined from encumbering or disposing of the property purchased by him at the administrator's sale. That Marshall, according to the averments, after notifying them of Mrs. Pair's death, concealed from them the fact that she left an estate and that administration had been granted thereon, and afterwards permitted the administrator to settle with him as the sole distributee, is not, if true, consistent with upright

conduct; but it is not enough to make void the administration. Other questions presented by grounds of demurrer need not be considered, nor need the rulings on the demurrer to the plea of res judicata be determined. The court erred in not sustaining the demurrer to the petition.

*Judgment reversed.   All the Justices concur.*