24095. McSHERRY v. ISRAEL.

Argued June 13, 1967—Decided July 6, 1967.

*Hugh G. Head, Jr., Charles O. Baird, Jr.*, for appellant.
*Martin McFarland, J. Frank Myers*, for appellee.

GRICE, Justice. Martin Frank McSherry appeals from the sustaining of a general demurrer to his petition to set aside a judg-

ment against him. That judgment canceled certain deeds to him from a decedent and decreed title to such property in the decedent's heirs at law; decreed that funds in designated bank accounts, claimed by him, belonged to the decedent's estate; and ordered a money judgment against him.

His petition against Mrs. Daisy Israel, filed in the Superior Court of Fulton County on March 29, 1966, alleged, in substance, that the defendant, while knowing that Mrs. Harriet Clark Gurr left a will and while failing and refusing to cause it to be filed for probate, obtained in the Court of Ordinary of Fulton County letters of administration on Mrs. Gurr's estate and subsequently, on September 14, 1965, obtained in the Superior Court of Fulton County a judgment against the plaintiff which upset many grants of property, both real and personal; and that the will of Mrs. Gurr was admitted to probate in solemn form in the Court of Ordinary of Fulton County on January 5, 1966. The prayers were for process and the setting aside of the verdict, judgment and all other proceedings in the case granting the relief, above mentioned, against him. By agreement the entire record in that case was made a part of the petition here.

For related cases, see *McSherry v. Israel*, 221 Ga. 717 (146 SE2d 734) ; *McSherry v. Israel*, 222 Ga. 520 (150 SE2d 646).

In seeking to set aside the judgment in the prior case, the plaintiff relies upon *Code* § 37-219, which provides that "The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner."

His allegations attempting to plead fraud are essentially the following. The defendant's taking the judgment and upsetting the grants of property were "done by her while full knowing that the decedent . . . left a . . . will . . . and that she . . . well knew that her acts were in fraud of the court and were a contempt of the court and that she was in violation of the public policy of this State by purporting to administer . . . an estate concerning which a valid subsisting extant . . . will . . . was known by her to exist . . . [The defendant], administratrix of the estate . . . was acting in

fraud of your petitioner and of the other beneficiaries of the . . . will . . . of the decedent . . . in that . . . [she] sought and obtained purported letters of administration on the estate of . . . [the decedent] while knowing that . . . [the decedent] died testate and left a will and while she . . . had failed and refused, though knowing of same, to cause to be filed and to be filed for probate the . . . will . . . of the . . . [decedent]. The office of administratrix of the estate of . . . [the decedent] has never been valid but was a sham and a fraud for the reason that at all times a valid, legal, extant will, with two valid codicils, constituting the lawful . . . will . . . of the decedent . . . did exist and were known to . . . [the defendant] to exist so that no lawful grant of administration on the estate of one who died testate could be rendered nor established. There has been no legal party plaintiff in . . . [the prior case resulting in the judgment complained of], and said case and . . . all proceedings therein . . . have been void, nugatory, and of no effect. . ."

These allegations, as we appraise them, do not authorize the setting aside of the judgment in the prior case.

Although the plaintiff charges that the defendant fraudulently obtained letters of administration on Mrs. Gurr's estate, he does not seek to set aside the judgment granting them, but attacks only the verdict and judgment later obtained by her in her capacity as administratrix. Unless and until set aside such letters of administration were her authority to act as administratrix and to prosecute such suit to judgment. See *Wash v. Dickson*, 147 Ga. 540, 546 (94 SE 1009).

For the above reasons, the petition failed to set forth a cause of action.

*Judgment affirmed. All the Justices concur.*