### PETERSON *v.* MARTIN FURNITURE COMPANY.

1. Where pending a civil cause the defendant is arrested and confined in jail by virtue of a warrant issued at the instance of a third person not in collusion with or instigated by the plaintiff, the plaintiff is entitled ·to proceed with his cause to judgment, and such judgment will not be set aside as irregular.

2. It appearing from the petition of the defendant in the judgment that the plaintiff therein was guilty of no fraud or wrong in procuring the judgment, and that he himself was lacking in diligence, the petition was without merit, and was properly dismissed on general demurrer.
NOVEMBER 13, 1915.

Equitable petition. Before Judge Gilbert. Muscogee superior court. December 21, 1914.

*J. E. Chapman* and *S. T. Pinkston,* for plaintiff.
*Ed Wohlwender,* for defendant.

EVANS, P. J.   William Peterson brought a petition against the C. A. Martin Furniture Company, to set aside a judgment and for other relief.   The substance of the petition is, that in 1910 he purchased from the defendant certain furniture on the installment plan; that on August 26, 1912, after he had overpaid the amount which he had contracted to pay, the defendant sued out an attachment against him for the purchase-money, in a justice court; that thereafter, on November 6, 1912, judgment was rendered in the attachment case in favor of the plaintiff for the principal, interest, and cost claimed in the attachment; that execution issued on the judgment, and the property was seized thereunder and sold, "and went into the possession of the defendant" on or about December 6, 1912; that pending the attachment one Mason Wilder sued out a warrant against him for a criminal offense, and he was arrested under the warrant, and, being unable to give bond, he was, on August 31, 1912, incarcerated in jail, where he remained "long after the rendition of said judgment and the issuing of said execution and the sale of said furniture thereunder."   He alleged that he had a good defense, to wit, payment, and was prevented from making it on account of being in jail, which fact was known to the defendant and to the court rendering the judgment, and was a fraud on petitioner.   Wherefore he prays for the vacation of the judgment, and for the recovery of the furniture and the alleged overpayment.   His petition was dismissed on general demurrer.

1.   The plaintiff does not charge that his arrest was at the instigation of the plaintiff in attachment.   The allegation of the petition is that the criminal warrant was sworn out by a third person, with whom it is not charged that the plaintiff was in collusion. Where pending a civil cause the defendant is arrested and confined in jail by virtue of a warrant issued at the instance of a third person not in collusion with or inspired by the plaintiff, the plaintiff is entitled to proceed with his cause, and such judgment will not be set aside as irregular.   Bonnell v. Rome etc. Co., 12 Hun, 218.

2.   The plaintiff's petition was filed on March 31, 1914, more than a year after the judgment was rendered and the sale made which he seeks to have set aside.   It is true that he alleges that he was in jail when the judgment was rendered and when the sale was made, and that he remained in jail for a long time thereafter;

but it is not disclosed when it was that he was released from jail. It clearly appears from the petition that the plaintiff in attachment was guilty of no fraud or wrong in procuring the judgment, and the defendant in attachment (plaintiff here) fails to explain why he did not earlier prosecute the present action. There was no error in dismissing his petition on demurrer. *Burgin* v. *Bowman,* 142 *Ga.* 800 (83 S. E. 935).

*Judgment affirmed. All the Justices concur, except Beck, J.,* *absent.*