## 8790. MILLER *v.* SOUTHERN RAILWAY COMPANY.

1. In a suit against a railway company, where an agent, whose name is not disclosed, is described as the company's agent in charge of a specified ticket-office of the company at a specified time and place, it is error to sustain a special demurrer calling for the name of such agent. The company is presumed to know the name of the person it employs to perform such a duty at a particular time and place, while the public or a patron of the company is not presumed to possess any such knowledge or to acquire it during the transaction of purchasing a ticket. *Atlanta Ice & Coal Co.* v. *Reeves*, 136 *Ga.* 294 (3) (71 S. E. 421, 36 L. R. A. (N. S.) 1112); *Bryant* v. *A. C. L. R. Co.*, 19 *Ga. App.* 536 (4) (91 S. E. 1047); *Haynie* v. *Cen. Ry. Co.*, 20 *Ga. App.* 599 (93 S. E. 258).

2. An allegation in a suit against a railway company, that the plaintiff was unlawfully ejected from one of the company's passenger-trains after being carried 5 or 6 miles beyond a designated station, "and was forced to walk back to" such station, is not subject to special demurrer on the ground that "it does not appear why plaintiff was forced to walk back." Especially is such a demurrer without merit where, as in this case, the petition elsewhere shows that the plaintiff was wholly without money or means of conveyance, and that the train was stopped at such place for the specific purpose of ejecting the plaintiff therefrom.

3. A demurrer to the allegation referred to in the preceding headnote, on the ground that "it does not appear . . why he did not stay at Carbondale," is in this case a speaking demurrer, for the reason that the petition as a whole discloses neither the proximity nor the existence of any such place as "Carbondale," and the courts judicially know nothing of it, there being no such incorporated municipality in this State. It was therefore error to sustain this ground of the demurrer, even if it might otherwise have been meritorious.

   (*a*) A speaking demurrer is one which alleges some new matter, not disclosed by the pleading against which the demurrer is aimed and not judicially known or legally presumed to be true. Such a demurrer presents no question for decision, and should never be sustained.

4. The action is brought to recover damages from the railway company for the acts of its agents in unlawfully ejecting the plaintiff from one of its passenger-trains. The plaintiff alleges, among other things, that, while walking from the place of his ejection to the station last passed by the train, through a section of country in which he was a stranger, "he was accosted by a strange white man and notified that no colored person could safely traverse that section of the country, and petitioner was forced to hire said white man to escort him through that section, giving him therefor a five-dollar watch-chain." To the allegations here quoted the defendant demurred, on the ground that they "are immaterial and irrelevant, and set forth no element of recovery against the defendant." *Held:* (*a*) Such allegations are by no means essential to the plaintiff's alleged cause of action, and partake more of the nature of evidence than of pleading; but they are nevertheless so closely connected with the transaction in controversy as not to be subject to

the criticism that they are wholly irrelevant. *Bryant* v. *A. C. L. R. Co.,* supra.

(b) While such allegations do not contain any element of recovery against the defendant, they are not set forth for any such purpose, and would be subject to demurrer if they were set forth for such purpose, because they are not accompanied by additional allegations to show the defendant's duty to anticipate and prevent the particular injury thereby disclosed.

(c) The allegations in question should not have been stricken upon the particular grounds of demurrer urged; but, upon proof of such allegations, the jury should (upon proper request) be so instructed as not to attach any undue importance to such matter.

5. The petition in this case contains only one count, wherein the plaintiff seeks a recovery upon two contradictory versions of the same transaction, namely:. (1) That he purchased from the defendant's agent at Chattanooga, Tenn., a ticket to Rome, Ga., and the defendant's conductor wrongfully ejected him from the train at Dalton, falsely claiming that the ticket was to such intermediate station only; (2) that while he called for and paid for a ticket to Rome, the Chattanooga agent wrongfully furnished a ticket to Dalton only, and he did not discover the error until Dalton was passed, when the conductor so advised him and ejected him from the train for his inability to pay additional fare from Dalton to Rome, notwithstanding he explained to the conductor the kind of ticket he had called for and paid for. Such a petition is clearly duplicitous, and the court properly sustained the demurrer based upon such ground. The plaintiff should have amended, either by preserving the two contradictory versions in two separate and distinct counts, or else by striking one of the alleged versions altogether.

(a) A plaintiff may, in one petition, set out as many contradictory versions of the same transaction as he deems advisable to meet the probable evidence, provided each separate version is set forth in a separate and distinct count, itself constituting a complete cause of action of such a nature that it may properly be joined with the other alleged causes of action, and varies from all the other counts in some material particular. The purpose of the rule is to prevent variance and nonsuit, also to prevent defendants from ofttimes defeating the ends of justice by proving an equally meritorious, though materially different, right of action in the plaintiff. But a petition which contains in one count two such contradictory versions of the same transaction is subject to demurrer for duplicity.

6. There were several grounds of special demurrer, but no ground of general demurrer, aimed at the petition. One ground of the demurrer was meritorious; the others should have been overruled. The court passed an order directing "that the same be and it is hereby sustained, unless plaintiff amend within five days from this date, so as to meet the complaints thereof." The plaintiff failed to amend, and his petition was consequently dismissed. *Held,* that, since the judgment sustaining

the ground of demurrer attacking the petition for duplicity was proper, the court did not err in dismissing the petition.

DECIDED DECEMBER 11, 1917.

Action for damages; from Whitfield superior court—Judge Tarver. April 2, 1917.

·· *Harris & Harris,* for plaintiff.

·: *Maddox, McCamy & Shumate,* for defendant.

LUKE, J. This case grows out of the ejection of a passenger from one of the defendant railway company's passenger-trains. The plaintiff alleges, that he purchased from the defendant's ticket-agent at Chattanooga, Tenn., a ticket entitling him to transportation over defendant's line of railroad from that point to Rome, Ga.; that he boarded the train, delivered to the conductor the ticket he had received, and rode as far as Dalton, Georgia, on his way to Rome; that when a few miles past Dalton the conductor again demanded fare from him, which he refused to pay, telling the conductor that his ticket called for passage to Rome; that the conductor claimed that the ticket read to Dalton, and not to Rome, and threatened to eject plaintiff from the train unless additional fare was immediately paid; that plaintiff was without sufficient money to pay additional fare from Dalton to Rome, "and the conductor stopped the train five or six miles south of Dalton, in said county, and made him leave the train," the ejection occurring about nine o'clock at night. The suit was brought in the superior court of Whitfield county; and in the second paragraph of the petition it is alleged "that the cause of action for which complaint is filed took place in said county." In the fifth paragraph it is alleged that the plaintiff did not read the ticket purchased by him at Chattanooga, but "presumed then and now presumes that the agent gave him a ticket to Rome," he relying upon the agent to furnish the ticket called for; that "if said agent failed to furnish a ticket to Rome, but gave petitioner a ticket to Dalton, . . said act was gross carelessness and negligence upon the part of said agent, for which defendant is liable." In the sixth (or last) paragraph of the petition, it is alleged "that it was negligence and carelessness upon the part of the defendant if it furnished him a ticket only to Dalton, when he called for and paid for a ticket to Rome; . . that it was gross carelessness and negligence upon the part of defendant for its conductor to put him off the train as

24

aforesaid when his ticket called for transportation to Rome, for which act the defendant is liable." The defendant demurred "to the 5th and 6th paragraphs of the declaration, because they are duplicitous in not alleging with sufficient definiteness whether the cause of plaintiff's ejectment from defendant's train was due to a mistake of the agent selling the plaintiff the ticket upon which he was riding, or the mistake of the conductor in failing to transport plaintiff upon a correctly issued ticket." The other grounds of the demurrer appear in the headnotes. The court sustained the demurrer upon each and every ground thereof; and upon the plaintiff's failure to amend to meet all such grounds of demurrer, the court dismissed the petition. Both rulings are assigned as error.

1-5. The first four headnotes are sufficiently full and clear, but the fifth is of such nature as to justify discussion.

It has been quaintly said that "truth is the goodness and virtue of pleading, as certainty is the grace and beauty of it." There is also an ancient rule, sometimes designated as "the rule of honesty in pleading," to the effect that every pleading should state only such facts as are true and capable of proof, avoiding false and frivolous allegations tending to deceive the court or the adversary, or to delay the progress of the trial. As a general rule for the guidance of practitioners, it can not be too highly commended. Yet, even this rule, "the rule of honesty in pleading," must, in the interest of truth and justice, have its limitations. Any pleading which contains material allegations of fact that are self-contradictory necessarily violates two general rules of pleading—first, in that one or the other of such allegations must be untrue, and, second, in that the two together leave it uncertain as to which of them, if either, is in fact true. But a petition, or an affirmative plea, is not and has never been anything but an averment of the material facts which, in the opinion of the pleader, will be supported by the evidence to be adduced upon the trial; and the experience of ages in the administration of justice demonstrates that, in contested cases, the evidence seldom fails to show material conflicts, and ofttimes shows materially different versions of the facts in such a way that each version might constitute a good cause of action or defense if specially pleaded. In such a case, or where such evidence is contemplated, the pleader has no choice but

to allege all of such contradictory versions of the same transaction, or else hazard his whole case on the one version which he thinks the evidence will tend most strongly to support, thereby: facing the usual dangers of variance and nonsuit, as well as affording his adversary a possible opportunity to point out a fatal variance between the allegations and the proof—in other words, to defeat the ends of justice—by proving one of the equally advantageous, though contradictory, versions not alleged. Owing to other invariable rules of pleading, particularly the rules requiring certain matters to be specially pleaded, and the rule requiring that the allegations and the proof shall correspond in all cases, it ofttimes becomes absolutely necessary, in the interest of truth and justice, to allow pleadings which are on their face untrue. It was this experience in the administration of justice that brought about the common-law rule permitting plaintiffs to set out several counts in one declaration, all counts being based upon the same subject-matter of complaint, and each count being in some material particular contradictory of all the others. 1 Chitty, 409 et seq. In theory, each such count must be based upon a separate and distinct transaction; but this theory does not extend to or affect the amount of the plaintiff's recovery,—does not, in fact, extend beyond the limit of its absolute necessity; because otherwise such a fiction would work an injustice, and would never have been tolerated. While the English rule as to pleading several counts has undergone great changes since May 14, 1776, the General Assembly of Georgia has not seen fit to abolish it in this State; and, under the reviving act of February 25, 1784 (Cobb's Digest, 721), a plaintiff in this State may now, as at common law prior to May 14, 1776, embrace in one petition as may contradictory counts based upon the same subject-matter of complaint as he deems advisable, subject only as to the general rules as to joinder of actions and to such statutory changes in matters of form as have been enacted by the General Assembly of this State.

While "a petition containing only one count, in which two [contradictory] causes of action are set forth, will, on special demurrer, be held bad for duplicity," yet "a petition containing several counts, each referring to the same transaction, but differing from each other in substantial particulars as to the details of the transaction, is not bad for duplicity." *Gainesville &c. Ry. Co.* v. *Aus-*

*tin,* 122 *Ga.* 823 (1, 3) (50 S. E. 983). "While it is permissible to embrace in one petition in different counts as many causes of action as the plaintiff sees proper, provided they are all of a similar nature, still, since the pleading act of 1893, each count must contain a complete cause of action in distinct and orderly paragraphs, numbered consecutively; and it is not permissible to make paragraphs of one count a part of another count by mere reference to the same." *Cooper* v. *Robert Portner Brewing Co.,* 112 *Ga.* 894 (38 S. E. 91).

Instead of abolishing the common-law rule which allows a plaintiff to avail himself of the benefits of all the probable evidence, as above pointed out, the General Assembly of this State has, by special enactment, created substantially the same privilege for defendants. The act approved Dec. 19, 1818 (Civil Code, (1910), § 5649), provides: "No part of an answer shall be stricken out or rejected on account of being contradictory to another part of the same, but the court shall suffer the whole answer to remain in, if the defendant shall desire it, and avail himself of any advantage he can or may have under either or the whole of said answer, and proceed to trial accordingly."

With respect to the wisdom of the rules permitting such double pleading, it is difficult to conceive of a better illustrative case than that disclosed by the petition in the case at bar. According to his petition, the plaintiff was ejected from the train before arriving at the destination to which he had paid his fare, the conductor claiming that the ticket called for passage to an intermediate station only, while the plaintiff had not read the ticket but had relied on the ticket-agent to furnish the proper ticket. In such a case the plaintiff's cause of action did not arise until he was unlawfully ejected from the train; but, in pleading it, he is required to specify wherein the defendant was negligent, whether through the ticket-agent in delivering to him a wrong ticket, or through the conductor in ejecting him after having collected the right ticket. From the very nature of the case, the ticket could have not been both right and wrong, and therefore both the ticket-agent and the conductor could not have been guilty of the gross negligence here involved; yet the plaintiff may well apprehend that if he declares upon the negligence of one employee only, the evidence upon the trial will develop a conflict as to which of the two employees of the defend-

ant was in fact at fault. In other words, if only one of the employees is alleged to have been negligent, the controlling issue under the evidence may be, not as to plaintiff's injury, but as to the cause of the injury, whereas the injury itself and the plaintiff's right of recovery remain the same, regardless of whether the negligence causing it originated with the ticket-agent or with the conductor. In such a case the law of this State permits the plaintiff so to plead his case that the jury, in passing upon it, will be concerned, not so much with the question as to which employee of the defendant was at fault, but rather with the question as to whether or not the plaintiff was in fact unlawfully ejected from the train through the fault of either of them. Such doubtless was the object of the plaintiff's counsel in setting up in one count the contradictory allegations that render the petition subject to special demurrer for duplicity.

6. The sixth headnote needs no elaboration. The petition was subject to the demurrer attacking it for duplicity, and it was not error to dismiss the petition when the plaintiff failed to amend to meet this ground of demurrer.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*