## BANK OF DOERUN *v.* FAIN.

A party can not successfully ask for relief in equity to set aside a judgment at law against him, on the ground that he failed or omitted to make a legal defense, unless he was prevented by fraud or accident, unmixed with any fraud or negligence by himself, from setting up such defense.

No. 925.　FEBRUARY 14, 1919.

Equitable petition. Before Judge Thomas. Colquitt superior court. April 11, 1918.

*Parker & Gibson,* for plaintiff in error.

*James L. Dowling* and *Erle B. Askew,* contra.

FISH, C. J. D. A. Fain brought an equitable action against the Bank of Doerun. The allegations of the petition were to the following effect: In 1914 the firm of D. A. Fain & Son, composed of petitioner and his son, J. A. Fain, was engaged in the business of selling live stock, vehicles, fertilizers, etc. J. A. Fain had general charge and supervision of the business. In that year, acting for the partnership, J. A. Fain obtained two loans from the Bank of Doerun, one for $3500, the other for $1800, and, as collateral security for the notes, delivered to the bank a large number of notes payable to the firm, aggregating more than $13,000; and to further secure the loan he executed to the bank his mortgage on certain described realty belonging to him individually. Soon after these transactions he disappeared, and his whereabouts from that time have been unknown to petitioner. By reason of his disappearance the affairs of the firm became "entangled and confused," and the firm became insolvent; and by reason of the

insolvency the petitioner had to pay a large amount of the firm's indebtedness from his individual means. A sufficient amount has been collected by the bank on the collateral notes to pay off the loans due it by the firm, but the bank has failed to credit the firm's notes with the collections. "After both of the notes executed by J. A. Fain for the partnership of D. A. Fain & Son to said Bank of Doerun became due, W. M. Smith, who is cashier of said defendant bank, and at the time acting for said bank, approached your petitioner and stated that although one of said notes had been paid in full and a greater portion of the other had also been paid, and that said bank had a sufficient number of said collateral notes on hand which were solvent to pay the balance of said indebtedness, the said W. M. Smith urged your petitioner to let the Bank of Doerun sue said notes to judgment and obtain an execution thereon, and levy on the land above described as belonging to the said J. A. Fain, and sell the same at sheriff's sale, and that your petitioner could buy in said land and protect himself for any loss that he might sustain on account of the indebtedness of D. A. Fain & Son that he might be called upon to pay. Petitioner shows further, that the said W. M. Smith urged your petitioner not to file a defense to said suit, for the reason that the sole purpose of instituting said suit and obtaining the judgment aforesaid would be to sell the land of said J. A. Fain, so that your petitioner might protect his own interest as aforesaid; that said defendant would not hold said judgment against your petitioner, and that the same would not operate as a general judgment against the property of petitioner, but that said judgment would be enforced only to the extent of selling the land of the said J. A. Fain as above described. And that the said W. M. Smith, acting for said bank, did then and there fully warrant, promise, and agree that the judgment would not be enforced by said bank, or otherwise, against the property of this petitioner, but that the same would be enforced only against the property hereinabove described as belonging to J. A. Fain. This petitioner further shows, that on or about the time stated in this paragraph, and prior to the filing of the suit by said bank, the said W. M. Smith, acting for said bank, agreed with this petitioner that when the judgment should be obtained upon said note, petitioner and the said bank could get together on a settlement, at which time all

notes which had been paid should be credited upon the said three thousand, five hundred ($3,500.00) dollar note, and the one thousand, eight hundred ($1,800.00) dollar note; and if more of said collateral notes were paid than would be sufficient to pay the notes of said partnership, then and in that event the said bank would pay the overplus to this petitioner and return to him the unpaid collateral notes. Petitioner shows, that, yielding to the persuasion and promises of the said W. M. Smith, he consented for said Bank of Doerun to institute suit on the notes, and yielding to the persuasion and promises of said W. M. Smith, and confiding in the statements made to petitioner by said W. M. Smith, petitioner did not file a defense to the notes sued upon, but allowed a judgment by default to be entered up against the partnership of D. A. Fain & Son, and each of the partners thereof, which said judgment was obtained at the July, 1916, term of this honorable court for the sum of four thousand, three hundred, eighty-two and 60/100 ($4,382.60) dollars." Execution was issued upon the judgment, and in disregard to the bank's agreement it was levied, not on the land of J. A. Fain, but upon certain described property of the petitioner, as well as certain property belonging to the firm, and other property which has been claimed by third persons; and the property of petitioner levied upon has been advertised for sale. Petitioner has endeavored to have a full and complete accounting between the bank and petitioner's firm with reference to the collateral notes, but the bank has refused to have such an accounting, or to give petitioner any information in reference to the collateral notes, or the amounts collected thereon. Among other things, it was prayed that the judgment against the firm and the members thereof be set aside, and the enforcement of the execution based on the judgment be enjoined.

The bank demurred to the petition generally and specially, one ground of demurrer being that it appeared from the petition that the plaintiff entered into a fraudulent scheme and device the object of which was to defraud J. A. Fain, his son and partner in business, and that according to the petition the plaintiff was equally at fault in fraud with the defendant, and did not come into a court of equity with clean hands. The demurrers were overruled, and the bank excepted.

The court erred in overruling the demurrer on the grounds

above set out. "The judgment of a court of competent jurisdiction may be set aside, by a decree in chancery, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." Civil Code, § 5965. "When both parties are at fault, and equally so, equity will not interfere, but leaves them where it finds them. The rule is otherwise if the fault of one overbalances, decidedly, that of the other." Civil Code, § 4534. From the allegations of the petition it is clear that the plaintiff in the present action voluntarily and knowingly entered into a scheme the effect of which would necessarily be a fraud upon the plaintiff's partner, and, in all likelihood, upon the creditors of the insolvent firm of which the plaintiff was a member; and in accordance with the provisions of law above quoted, and many decisions of this court in line with them, not necessary to cite, equity will not grant him the relief sought.

*Judgment reversed.    All the Justices concur.*