### 13682.   COFFEE *v.* SOUTH GEORGIA FARMERS FIRE INSURANCE ASSOCIATION.

1. Under the ruling in *Cone* v. *American Surety Co.*, 154 *Ga.* 841 (115 S. E. 481), the motion to dismiss the writ of error in this case is overruled.
2. The petition showing that the plaintiff notified the defendant association of his loss immediately following the fire, and that payment of the loss was then refused, and that later the defendant recognized this notice and acted upon it, but continued to refuse to pay the plaintiff any sum whatever or to make any assessment to cover said losses, the judge erred in sustaining a demurrer to the petition on the ground that it did not show " what officer, agent, or employee of the company was notified of plaintiff's losses."
3. The 2d and 3d grounds of the demurrer are not sufficiently specific.

DECIDED FEBRUARY 21, 1923.

Action on insurance policy; from city court of Thomasville — Judge W. H. Hammond.   April 1, 1922.

*Clifford E. Hay,* for plaintiff.

*H. H. Merry, Titus & Dekle,* for defendant.

BLOODWORTH, J.   E. J. Coffee brought suit against the South Georgia Farmers Fire Insurance Association on a contract of fire insurance, alleging a loss on November 20, 1921, by destruction of the insured property by fire.   A demurrer to the petition was sustained, and the plaintiff excepted.   The insurance association is a mutual-benefit concern, and, under its constitution and by-laws, which are made a part of the insurance contract and are attached to the plaintiff's petition, the members are assessed their pro-rata part of any loss that may occur.

The petition, in addition to other essential allegations, set out the following:  " 12.   Immediately following the said fire, and

on or about the 21st day of November, 1921, your petitioner notified the defendant association of his said losses, and then, for the first and only time in all the transactions concerning the policy in question, the defendant association complained that the amount for which the property was insured exceeded three fourths of its actual cash value, and refused to pay the same. 13. Plaintiff and defendant thereupon undertook to adjust their differences by submitting the matter to arbitrators, [who] on the 12th day of January, 1922, made a written return in which they declared their inability to agree, which return was signed by the arbitrator selected by each party as well as by the umpire selected by the other two arbitrators. 14. The defendant association still fails and refuses to pay your petitioner the sum to which he is entitled under the said policy, or any other sum, to cover his said losses, and have refused to make any assessment to cover such losses."

1. The first headnote needs no elaboration.

2. The 1st ground of the demurrer is as follows: " Demurs to petition as a whole and to paragraph 12 thereof, upon the ground that neither said petition nor said paragraph alleges what officer, agent, or employee of the company was notified of the plaintiff's losses as in said paragraph alleged." The contract provides that the insurance association shall pay the loss to the insured " within sixty days after the treasurer has received notice." The petition alleges that the plaintiff, " immediately following the said fire and on or about the 21st day of November, 1921, notified the defendant association of his said losses." Admitting the allegations of the petition to be true (which we must do in order to test its validity as against a demurrer), it shows on its face that the defendant association had timely notice of the loss, *and acted upon this notice.* (*a*) The petition alleges that the association *refused* to pay the loss, and *refused* to make an assessment for such payment. It would hardly have refused to pay the loss unless a request or demand for such payment had been made on it. (*b*) The petition shows that the defendant association appointed an arbitrator to adjust the differences between it and plaintiff; and this also shows that the defendant association had notice of the loss, and acted upon this notice. (*c*) Even conceding (though not deciding) that the preliminary requirements as to notice were not complied with, the refusal of the defendant association immediate-

ly after the fire to pay any sum, as alleged in the petition, waives such notice, because "an absolute refusal to pay waives a compliance with these preliminaries." Civil Code (1910), § 2490. See, in this connection, *Merchants &c. Ins. Co.* v. *Vining,* 68 *Ga.* 197 (3), 199, 200; *Merritt* v. *Cotton States Life Ins. Co.,* 55 *Ga.* 103 (4).

3. The 2d ground of demurrer is to paragraph 13, "because the same is impertinent," and the 3d ground of demurrer is that "the suit is prematurely brought." A demurrer, "being a critic, must itself be free from imperfection," and neither of these grounds of demurrer is. Neither of them is sufficiently specific, but each is vague and indefinite. The 2d ground does not show why paragraph 13 is "impertinent," and the 3d ground does not assign any reason why "the suit is prematurely brought." Neither of these grounds "lays its finger, as it were, upon the very point." *Alford* v. *Davis,* 21 *Ga. App.* 820 (4) (95 S. E. 313); *Scott* v. *Central of Ga. Ry. Co.,* 18 *Ga. App.* 159 (*b*) (88 S. E. 995).

Under the foregoing rulings the trial court erred in sustaining the demurrer.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*