## GRAY *v.* GEORGIA LOAN AND TRUST COMPANY.

1. A foreign corporation with agents in this State upon whom service can be perfected can not be subjected to suit in a county in which there is no such agent. In this case there was a prayer for the cancellation of a deed, and the plaintiff sought to fix the jurisdiction in Cook County by joining the sheriff of that county with the foreign corporation as a codefendant. But it not appearing that any substantial relief was prayed against the sheriff, the jurisdiction of the superior court of Cook County did not attach by reason of the sheriff's residence in that county. A petition to set aside and cancel a deed is not such a suit respecting title to land as must be brought in the county where the land lies.

2. The fact that the counsel for the petitioner and the counsel for the defendant corporation agreed upon a consent verdict and judgment in a prior litigation affecting and militating against the rights sought to be asserted by the petitioner in this proceeding, and that this action of petitioner's counsel was contrary to her wishes and over her protest, would not, in the absence of an allegation of fraud, afford any reason for setting aside the prior adjudication. It is not to be presumed that an insane person is capable of giving proper direction as to the conduct of litigation even in her own behalf. No more appears from the petition than that the petitioner's guardian ad litem may have been negligent; but to authorize setting aside the judgment of a court of competent jurisdiction, the fraud or other acts of the adverse party must be unmixed with negligence or fault on the part of the complainant.

3. Applying the foregoing principles, the court did not err in sustaining the demurrer and in dismissing the petition.

No. 6122. MAY 18, 1928.

Equitable petition. Before Judge Knight. Cook superior court. June 17, 1927.

*J. P. Tomlinson* and *W. D. Buie,* for plaintiff.

*C. L. Smith,* for defendants.

RUSSELL, C. J. As alleged in the first paragraph of the petition in this case, "Miss Jimmie P. Gray is an invalid and non compos mentis, and thereby incapacitated to look after, manage, and attend to her business affairs." So H. W. Gray brought the petition as her next friend, alleging that the "Georgia Loan and Trust Company is a foreign or non-resident corporation having an office and place of business in the City of Macon, Bibb County, Georgia," and that W. I. Daughtry, the sheriff of Cook County, Georgia, is a resident of the county in which the petition was filed; and these parties are named as the defendants. According to the allegations of the petition Miss Gray owns two tracts of land in the town of Adel, Cook County, Georgia, the one described as the north half of lot number 3 in block number 3, fronting 25 feet on Railroad Avenue and running back 100 feet to an alley; and the other described as the south half of lot number six in block number four in said town, fronting to 100 feet on Hutchinson Avenue and extending back 220 feet to Parrish Avenue. Miss Gray borrowed from the Georgia Loan and Trust Co., through its attorney at law and agent, R. A. Hendricks, $2000 and $1000, giving her promissory notes for these sums with seven per cent. interest, and securing the loan by deeds to the lots just mentioned. The company, through its agent Hendricks, advertised each of these lots and undertook to sell them; and on November 10, 1922, the court, at the instance of Miss Gray, granted an order enjoining the company or any one acting for it from selling the property until further order. This order was served upon Hendricks, who, regardless of it, on November 13, 1922, offered for sale the lot number 3 in block 3, received bids, and purported to sell it to H. L. Tillman for $2775, and on the same day executed to him a deed which has been recorded. In November, 1923, the defendant company, through Hendricks, advertised for sale the south half of lot number 6 in block 4; and notwithstanding the superior court granted an order on December 23, 1923, restraining the company and its agents from selling said land, Hendricks received bids and purported to sell said lot to the defendant company for the sum of $1135; and on December 7, 1923, the company executed a deed purporting to convey to itself the lot so sold. It is alleged that both of these deeds are void, for

the reason that the sales under which they were made were in disobedience of the restraining orders of the court; that these deeds are clouds upon petitioner's title; that on September 19, 1924, the defendant company sued out a warrant to evict petitioner from the south half of lot number 6 in block 4, to which a counter-affidavit was filed; that Miss Gray has since become disabled, and is mentally incapacitated to look after her business affairs; that she was not able to attend court, and, being incapacitated from knowing what was done, she was prevented from pursuing her remedy; that although F. R. Booth, the clerk of the superior court, was appointed as guardian ad litem for Miss Gray, and accepted the guardianship and adopted her answer as his plea, he was so busily engaged in performing the duties of his office that he had no opportunity to inquire into the facts of the case or even to discuss the case with her attorneys; that a verdict was taken within a few minutes after the appointment of the guardian ad litem, and for the reasons stated the petitioner has not had her day in court; that she knew nothing of what was being done in her case at the time of the verdict, and was not in condition to realize, even had she been told, what was done until long after the court had adjourned, and she does not now know what has been done in the premises, and for these reasons she could not make a motion for a new trial; that the defendant company, by the sheriff, is about to proceed to evict and remove petitioner from her home, the south half of lot number 6 in block 4; that the writ of possession and the verdict and judgment in the eviction proceeding are void, and defendant has not had her day in court; that under the $2000 loan one of the lots was sold for $2775, by reason of which the defendant company is indebted to the petitioner in the sum of $775 as overplus, and on the $1000 loan petitioner had paid the defendant company $350, which, together with the overplus of $775 on the sale of the other lot, makes a total of $1125 which is justly due petitioner. The petitioner prays that the defendant and the sheriff be enjoined from dispossessing or interfering with her in the peaceable and quiet possession of the property described; that the deed executed to the company be concelled; and that the company be restrained and enjoined from changing the status of the title until final judgment.

The defendant company filed an answer subject to its demurrer, as well as a special plea to the jurisdiction. The petitioner by

leave of the court filed a motion to set aside and vacate the judgment of eviction, upon the ground that the verdict returned and judgment entered were agreed upon by the attorneys for the parties over the objection and protest of petitioner, who instructed her attorney through her agent and representative that she would not agree to such arrangement, and she actually did not agree; that the verdict and judgment amounts to a fraud upon petitioner, especially in view of the fact that she did not learn that such verdict and judgment were taken against and over her protest until it was too late to file a motion for a new trial. The court sustained the demurrer filed by the defendant company, and dismissed the case; and the exception is to this judgment.

The bill of exceptions challenges the correctness of the trial court's ruling in dismissing the petition upon demurrer. The 4th and 6th grounds of the demurrer are: (4) "Because it appears . . that the superior court of Cook County is without jurisdiction to entertain the [petition], in that it appears that W. I. Daughtry, sheriff, is a resident of Cook County, and this defendant is a corporation with its principal place of business in Bibb County, Georgia, and that no substantial relief is prayed against any defendant whatever, save and except the defendant, the Georgia Loan and Trust Company." (6) "It appears from the petition that the plaintiff was lacking in diligence in all the cases referred to, and that the defendant was guilty of no fraud or wrongdoing; and because no specific act of fraud or wrongdoing is alleged or set forth in the petition." The first question presented is whether under the allegations of the petition the fact that the Georgia Loan and Trust Company is a non-resident corporation having an office and place of business in the County of Bibb precludes suit being brought against it elsewhere than in Bibb County. It is not alleged that the City of Macon, Bibb County, is the location of the principal office of the company or its place of business. The statement is that it is a non-resident foreign corporation which has an office in Macon, Bibb County, Georgia. It does not appear from the petition that the Georgia Loan and Trust Company had any office or agent in Cook County, and the statement that it had an office in Bibb County does not suffice to give jurisdiction to the superior court of the first named county. This court held, in *Saffold* v. *Scollish American Mortgage Co., 98 Ga.* 785, 787 (27 S. E. 208),

that "A foreign corporation doing business in this State may for purposes of suit be treated as a resident of this State and of any county in which it has an agent upon whom service can be perfected. *City Fire Ins. Co.* v. *Carrugi,* 41 *Ga.* 660; *Williams* v. *Ry. Co.,* 90 *Ga.* 520 [16 S. E. 303]. But a foreign corporation with agents in this State upon whom service can be perfected can not be subjected to suit in a county in which there is no such agent." As to foreign insurance companies provision had been made by the Code for the appointment of an agent upon whom service may be perfected in case the insurance company has no agent resident within the State. *Export Insurance Co.* v. *Womack,* 165 *Ga.* 815 (142 S. E. 851). In *Colley* v. *Atlanta & West Point R. Co.,* 156 *Ga.* 43 (118 S. E. 712), we held expressly that "A bill to set aside and cancel a deed is not such a suit respecting titles to land as must be brought in the county where the land lies." So the superior court of Cook County clearly had no jurisdiction of this case, unless substantial relief was prayed against Daughtry, the sheriff, and, in view of our ruling in *Bank of East Point* v. *DuPree,* 152 *Ga.* 547 (110 S. E. 240), this fact does not appear from the petition.

There is no merit in that portion of the petition in which the verdict and judgment sought to be set aside is referred to, since the petitioner in amending her petition admitted that her attorney consented to the verdict and judgment. This court held, in *Foster* v. *Jones,* 23 *Ga.* 168, that "If one be appointed by the court guardian ad litem of a lunatic, and accepts the trust, a judgment against the lunatic will be good, notwithstanding the guardian fails to act." See also *McMillan* v. *Hunnicutt,* 109 *Ga.* 699, 702 (35 S. E. 102). Furthermore, Booth having been appointed guardian ad litem, and having accepted the trust and having acted in the case, and judgment having been rendered against him, he would be the proper party to bring a proceeding to set aside the judgment.

It is pointed out by the sixth ground of the demurrer that there is no allegation of fraud in the agreement between the attorney for the guardian ad litem and the attorney for the Georgia Loan and Trust Company. The fact that the lunatic may not have consented to the judgment, or even that she may have given instructions to her attorney that were not acted upon by him, would not avoid the judgment rendered in accordance with the agreement, if she was duly represented by her guardian ad litem. It is not to be pre-

29

sumed that an insane person can give proper direction as to the conduct of her case. It is for the reason that she is supposed to be incapable of giving any directions that the law provides for the appointment of guardians ad litem. And since it does not appear from the petition that the Georgia Loan and Trust Company or its attorney was guilty of any fraud or misrepresentation in obtaining the judgment, the petition fails to show any reason why the judgment should be set aside. In *Bank of Doerun* v. *Fain,* 148 *Ga.* 799 (98 S. E. 467), this court by the decision of a unanimous bench held that "A party can not successfully ask for relief in equity to set aside a judgment at law against him on the ground that he failed or omitted to make a legal defense, unless he was prevented by fraud or accident, unmixed with any fraud or negligence by himself, from setting up such defense." This ruling follows strictly section 5965 of the Civil Code of 1910 (which strangely enough is identical with section 4584, except for the omission of the words "in chancery" from section 4584). "The judgment of a court of competent jurisdiction may be set aside by a decree in chancery, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant."

To the same effect as the ruling in the *Fain* case, supra, are the decisions in *Gentle* v. *Atlas Association,* 105 *Ga.* 406 (31 S. E. 544); *Lanier* v. *Nunnally,* 128 *Ga.* 358 (57 S. E. 689); *Peterson* v. *Martin Furniture Co.,* 144 *Ga.* 316 (86 S. E. 1099).

The court did not err in sustaining the demurrer and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*