27463. FEENEY HAY COMPANY *v.* SUGGS.

DECIDED APRIL 29, 1939.

*Clifford Hendrix, Hendrix & Buchanan,* for plaintiff in error.
*Carter, Stewart & Johnson,* contra.

GUERRY, J. George Suggs brought his action in two counts against Feeney Hay Company. The first count alleged that on November 13, 1937, Feeney Hay Company sold and transferred to him an account receivable, due to it by J. H. Skelton, for the purchase-price of twenty tons of hay; that the defendant collected said sum from J. H. Skelton, and had failed and refused to pay it to plaintiff; and that in equity and good conscience the defendant had no right to retain the same. The second count alleged that on November 13, 1937, the plaintiff loaned to the defendant $442.32, evidenced by a check which the defendant cashed; that the defendant promised to repay said amount in thirty days, and had failed and refused to do so; that said loan was secured by transfer of the invoice of the account receivable by the defendant from J. H. Skelton, which account the defendant had collected and had refused to pay over to the plaintiff. The petition was demurred to on the ground that count 1 was an equity proceeding, and that by reason of the counts the plaintiff was seeking to obtain two judg-

ments arising out of the same transaction, or assert two causes of action for the same thing.

The demurrer was properly overruled. An action for money had and received is in effect a quasi-implied contract, and is enforceable in a court of law. *Citizens Bank of Fitzgerald* v. *Rudisill*, 4 *Ga. App.* 37 (60 S. E. 818). The two counts in this case were not improper. "It is permissible to embrace in one petition in different counts as many causes of action as the plaintiff sees proper, provided they are all of a similar nature." *Cooper* v. *Portner Brewing Co.*, 112 *Ga.* 894 (38 S. E. 91); *National Surety Co.* v. *Farmers State Bank*, 145 *Ga.* 461, 467 (89 S. E. 581); *Miller* v. *Southern Railway Co.*, 21 *Ga. App.* 367 (5) (94 S. E. 619).

The defendant answered, that, beginning February 4, 1936, through November 9, 1937, the plaintiff had been discounting invoices for defendant, and over that period the plaintiff had advanced $23,193.66, and the defendant had repaid $23,271.54, being overpayment in the sum of $77.88; that these advances were loans, and not discounts; and that the plaintiff had charged two per cent. on some and three per cent. on others, covering thirty-day periods, and this amounted to usury. An itemized list of transactions showing amount of discount or interest was attached to the answer, showing a payment of $459.69 as discount or interest, and that such sum was $325.35 in excess of the legal rate of interest; and the prayer was that the entire amount paid as such alleged interest be recovered against the plaintiff. The court sustained the plaintiff's demurrer to this answer, "as to the affirmative recovery of all items of alleged interest paid or charged more than one year prior to the filing of this suit." The Code, § 57-115, declares: "No plea or suit for the recovery of such forfeiture shall be barred by lapse of time shorter than one year." Usurious interest paid may not be set off against independent claims or recovered per se after the lapse of one year after its payment. *McIntosh* v. *Thomasville Real Estate & Improvement Co.*, 141 *Ga.* 105 (80 S. E. 629); *King* v. *Moore*, 147 *Ga.* 43 (4) (92 S. E. 757). The case of *Reconstruction Finance Corporation* v. *Puckett*, 181 *Ga.* 288, 296 (181 S. E. 861, 101 A. L. R. 735), cited by counsel for the plaintiff in error does not support his contention. It was there said: "In a suit for the recovery of the *principal amount loaned*, there is no statute of limitation as to a plea of payment by which the debtor is merely

claiming credit for sums paid upon the forfeiture. The provision that any plea or suit for the recovery of forfeiture shall not be barred by the lapse of time shorter than one year is *applicable only* to an action or plea in which the debtor is seeking by affirmative claim to recover back an amount paid by him and applied on the forfeiture, or is urging the same as a set-off against some demand of the plaintiff not based upon the loan contract." The suit in the present case is based on an independent transaction taking place on November 13, 1937. The set-off because of usury is in regard to other transactions, where such alleged usury was exacted more than twelve months before filing suit. The ruling on this demurrer was correct.

The jury found in favor of the plaintiff on the first count. The evidence was sufficient to support a finding that the plaintiff bought outright the account against J. H. Skelton, that it was assigned to him in writing, and that the defendant collected this amount from Skelton and failed to account to the plaintiff therefor. The defendant testified that the invoice to Skelton was not transferred, but was put up as security for a loan. The jury settled this issue in favor of the plaintiff, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*