A. K. Adams & Company Inc. *et al. v.* Douglas-Coffee County Hospital Authority.

Hawkins, Justice. Douglas-Coffee County Hospital Authority brought suit in the City Court of Douglas, Coffee County, Georgia, against two defendants on a contractor's bid bond given in connection with a contract to be performed in Coffee County, the petition alleging that the defendant A. K. Adams & Company was a Georgia corporation with its principal office and place of business in the City of Atlanta, Fulton County, Georgia; and that the other defendant, Seaboard Surety Company, was a non-resident fidelity-insurance corporation of the State of New York, and had appointed an agent and attorney for service of process, residing in the City of Atlanta, Fulton County, Georgia, upon whom service could be had as provided in Georgia Code § 56-603. The petition prayed that second originals be issued and served on each of the defendants in Fulton County, Georgia, and service was accordingly made upon both of the defendants in that county.

The defendants filed pleas to the jurisdiction and a motion to dismiss the petition on the ground that the action was improperly laid in Coffee County, and that the court had no jurisdiction over the defend-

ants. These pleas and motions were submitted to the court for determination without the intervention of a jury on an agreed stipulation of facts. The pleadings and stipulation of facts show: that the defendant A. K. Adams & Company is a Georgia corporation with its principal office and place of business in Atlanta, Fulton County, Georgia, and that the defendant Seaboard Surety Company is a non-resident fidelity-insurance corporation existing under the laws of the State of New York, and has appointed an attorney and agent residing in Atlanta, Fulton County, Georgia, to accept service of process on its behalf, and that it had other agents in the State of Georgia besides the attorney in fact appointed for service of process; that neither of the defendants has ever had an office or agent in Coffee County, Georgia, and has never transacted any business in that county other than to submit the bid and bond sued on. The defendants contend that Code § 56-603, under the provisions of which the action was brought, does not authorize the filing of the suit in Coffee County, Georgia; that the defendant A. K. Adams & Company could not be sued in Coffee County unless its joint obligor, Seaboard Surety Company, could be sued there, and that, since neither of the defendants had ever had an office or place of doing business or an agent in Coffee County, the court had no jurisdiction of either of the defendants. To the judgment overruling the motion to dismiss, the defendants excepted. *Held:*

1. "The remedy which the law gives for the enforcement of a right does not necessarily embrace a right on the part of the complaining party to choose his own forum in which to litigate his cause. The defendant also is interested in the question of the jurisdiction in which an alleged right is to be urged against him, and is entitled to have the controversy adjudicated in a venue which the law provides for. The venue of suits in this State, legal and equitable, is controlled by constitutional and statutory provisions." *Tennessee Fertilizer Co.* v. *Hand,* 147 *Ga.* 588, 589 (95 S. E. 81).

2. Under the Constitution and statutes of this State, suits against joint obligors residing in different counties may be brought in the county of the residence of either defendant. Code (Ann.), §§ 2-4904, 2-4906; Code, §§ 3-201, 3-204.

3. The general rule is that a Georgia corporation, other than an insurance company, can be sued only in the county of its principal office and place of business. *Tuggle* v. *Enterprise Lumber Co.,* 123 *Ga.* 480 (51 S. E. 433). An exception to this general rule is provided by Code § 22-1102, to the effect that suits against Georgia corporations may be brought in the county in which the contract is to be performed or the cause of action arose, but this exception applies "only if such corporation has an agent or place of business in such county." *Lloyd Adams Inc.* v. *Liberty Mutual Insurance Co.,* 190 *Ga.* 633, 637 (10 S. E. 2d, 46). Since the principal office and place of business of the defendant Georgia corporation, A. K. Adams & Company, is in Fulton County, Georgia, and it has never had an agent or place of business in Coffee County, the City Court of Douglas is without jurisdiction of this defendant, unless it is acquired by virtue of that court having jurisdiction of the other joint defendant.

4. While Code (Ann. Supp.) § 22-1509 provides that a foreign corporation

doing business in Georgia and not maintaining any place of business or agent in this State may be sued in any county where the contract was to be performed or in any county wherein the agent appointed to accept service resides, and that if such agent shall not reside in the county where the contract was to be performed, service may be made by second original served upon such agent wherever he resides, or in the absence of any designation, service may be made upon the Secretary of State, and while Code § 56-603 provides that, where a foreign insurance company transacts business in this State, it shall file with the Insurance Commissioner an appointment of an attorney for service who shall be a resident of this State, and upon whom process may be served "in all proceedings that may be instituted against such company in any court of this State," the Code section first referred to has no application to the present case for the reason that the foreign insurance company here involved has other agents in the State of Georgia besides the attorney in fact appointed under the provisions of Code § 56-603, and this latter Code section has no application for the reason that it relates to the method of service of process and not to the venue of the action. *Lloyd Adams Inc.* v. *Liberty Mutual Insurance Co.*, 190 *Ga.* 633, 636 (supra). The venue of suits against insurance companies, domestic or foreign, which have agents or more than one place of doing business in the State, is fixed by Code § 56-601, which provides that such suits may be laid in the county, (1) where the principal office of the company is located, or (2) in any county where the company shall have an agent or place of doing business, or (3) in any county where such agent or place of doing business was located at the time the contract was made out of which the cause of action arose. Since the defendant Seaboard Surety Company has agents in the State of Georgia besides the attorney in fact appointed to receive service of process, but has never had an agent or place of doing business in the County of Coffee, the City Court of Douglas is without jurisdiction of this defendant, and the trial court erred in overruling the motion to dismiss the petition. "A foreign corporation with agents in this State upon whom service can be perfected can not be subjected to suit in a county in which there is no such agent." *Gray* v. *Georgia Loan & Trust Co.*, 166 *Ga.* 445 (1) (143 S. E. 501). See also *Hirsch* v. *Shepherd Lumber Corp.*, 194 *Ga.* 113 (20 S. E. 2d, 575); *Martin & Thompson Inc.* v. *Allen*, 188 *Ga.* 42 (2 S. E. 2d, 668).

5. What is here held is not in conflict with the decision of this court in *Seminole County Board of Education* v. *American Ins. Co. of Newark*, 180 *Ga.* 661 (180 S. E. 229), relied upon by the plaintiff. The question of venue was not raised in that case, and we were there dealing only with the question of the mode of service, and simply held that a foreign insurance company, sued in a county in which it had an agent at the time the contract was made out of which the cause of action arose, could be served by a second original upon the attorney in fact appointed by the company to receive service in the manner provided by Code § 56-603, even though the petition failed to allege that the company had no agent in the county where the suit was brought at the time it was instituted, and that service perfected in this way would be valid whether or not there was a local agent.

6. Since the rulings here made are controlling, other questions raised by the record need not be decided. *Pippin* v. *State,* 205 *Ga.* 316 (1) (53 S. E. 2d, 482).

Judgment reversed. All the Justices concur.

No. 17834. ARGUED APRIL 14, 1952—DECIDED MAY 12, 1952.

*H. J. Quincey, George A. Haas* and *Haas, Hurt & Peek,* for plaintiffs in error.

*G. H. Mingledorff, Elie L. Holton* and *Gibson & Maddox,* contra.