209 Ga. 548 (1953)
74 S.E.2d 738
LIBERTY BELL MUTUAL FIRE INSURANCE COMPANY
v.
EXUM.
18073.
Supreme Court of Georgia.
Argued January 15, 1953.
Decided February 9, 1953.
Rehearing Denied February 25, 1953.
Moise, Post & Gardner and Newell Edenfield, for plaintiff in error.
Lee Hutcheson and Davis, Branch & Stringer, contra.
HAWKINS, Justice.
1. "A foreign corporation with agents in this State upon whom service can be perfected can not be subjected to suit in a county in which there is no such agent." Gray v. Georgia Loan & Trust Co., 166 Ga. 445 (1) (143 S. E. 501); A. K. Adams & Co. v. Douglas-Coffee County Hospital Authority, 209 Ga. 62 (70 S. E. 2d, 730).
2. It appearing from the petition and the exhibits attached thereto in this case that, in the suit instituted by the defendant against the plaintiff in Clayton County, Georgia, in which the judgment was rendered against the present plaintiff which it now seeks to set aside, it was alleged that "Eugene Oberdorfer, whose address is 354 Peachtree Street, N. E., P. O. Box 94, Atlanta 1, Georgia, is soliciting insurance for said defendant, issuing and delivering contracts of insurance, and is collecting and receiving premiums for insurance, and did at the time said policy was issued, solicit insurance for said defendant, collected and received premiums for the defendant, and is therefore agent of said defendant upon whom service may be perfected as provided by law"  such allegations in that suit showed that the plaintiff here and the defendant insurance company in that suit had such an agent in the State of Georgia upon whom service could be perfected as would, under the provisions of Code § 56-601, fix the venue of a suit against the insurance company in the county of the residence of such agent; and this court will take judicial cognizance of the fact that the City of Atlanta, Georgia, is wholly within Fulton and DeKalb Counties, and not within Clayton County, Georgia. Code, § 38-112; Hubbard v. State, 208 Ga. 472, 474 (67 S. E. 2d, 562); Harmon v. Harmon, 209 Ga. 474 (74 S. E. 2d, 75).
3. The "Unauthorized Insurers Process Act" (Ga. L. 1950, p. 347 et seq; Code, Ann. Supp., § 56-601a et seq.) does not purport to deal with the question of venue of suits against insurance companies, but only with the mode of service of process upon unauthorized insurers, and therefore *549 does not alter, change, or supplement the requirements of Code § 56-601, dealing with the question of venue, which provide that suits against insurance companies having an agent in this State upon whom service can be perfected shall be brought in any county where the company shall have an agent or place of doing business. Lloyd Adams Inc. v. Liberty Mutual Ins. Co., 190 Ga. 633, 636 (10 S. E. 2d, 46); A. K. Adams & Co. v. Douglas-Coffee County Hospital Authority, supra.
4. The petition showing that the suit in which the judgment sought to be set aside was rendered was instituted against a foreign insurance corporation in a county where it had no agent, but such petition showing that it did have an agent on whom service could be perfected in another county in this State, the proceeding showed on its face that the court was without jurisdiction of the defendant in that case, and the present petition stated a cause of action to set aside such judgment. The trial court erred in sustaining the general demurrer thereto.
Judgment reversed. All the Justices concur, except Atkinson, P. J., and Wyatt, J., not participating.