### 37922. DIAMOND ALKALI COMPANY v. GODWIN.

QUILLIAN, Judge. 1. The contention presented by the motion to dismiss the petition on the grounds that the trial court does not have jurisdiction over the remaining defendant is without merit. The petition alleged that the defendant, Diamond Alkali Company, was doing business, but did not maintain a place of business within the State, and was represented only by an agent for the purpose of receiving service. In the event that a corporation does have an agent or office for the purpose of doing business within the State, the venue will be in the county where such office exists. *Adams & Co. v. Douglas-Coffee County Hosp. Authority,* 209 *Ga.* 62 (70 S. E. 2d 730); *Liberty Bell Mut. Fire Ins. Co. v. Exum,* 209 *Ga.* 548 (74 S. E.

2d 738). However, where a foreign corporation doing business within this State does not have an agent or office for the purpose of doing business, but does have an agent for the purpose of service, venue may be laid in any county as prescribed by Code (Ann.) § 22-1509.

2. The petition clearly alleged that the plaintiff seeks to recover damages under a warranty implied by law. Code (Ann.) § 96-307. The intent of the statute is to require all manufacturers to warrant that the article manufactured and sold is reasonably fit for the purpose anticipated for the article's use and that this warranty shall extend from the manufacturer to the ultimate consumer. See Vold on Sales (1931), Chapter 6. While it is true that the parties may avoid the effects of this statute by express contract of disclaimer, the disclaimer attached to the insecticide container did no more than negate the defendant's liability for personal injuries during operation of applying the insecticide. We recognize that a seller may, with the consent of the buyer, disclaim any warranty of the article sold (*Hardy* v. *General Motors Acceptance Corp.*, 38 *Ga. App.* 463, 144 S. E. 327; *Frick Co.* v. *Lawson*, 50 *Ga. App.* 511, 179 S. E. 274; Annotations, 59 A.L.R. 1180), and where such disclaimer of warranty is expressed on a label on an article purchased, it is a question for the jury to determine as to whether the buyer is aware of the disclaimer of warranty and received the article with knowledge of such disclaimer; however, what is held in the instant case is that there is not a disclaimer on the label of the can which limited the implied warranties that arose under the provisions of Code (Ann.) § 96-307. The label merely contained a warning that there is a physical hazard to a person involved in applying the insecticide.

*Judgment affirmed. Gardner, P. J., Carlisle and Nichols, JJ., concur. Felton, C. J., and Townsend, J., dissent.*

DECIDED OCTOBER 27, 1959—REHEARING DENIED
DECEMBER 3, 1959.

*Forester & Calhoun, Marcus B. Calhoun,* for plaintiff in error.
*W. H. Long, S. Spencer Bennet,* contra.

ON MOTION FOR REHEARING.

According to the pronouncement of *Miller* v. *Southern Ry. Co.*, 21 *Ga. App.* 367 (1) (94 S. E. 619), and *Coffee* v. *South Georgia &c Ins. Assn.*, 29 *Ga. App.* 685 (116 S. E. 653), the petition was not wanting in particularity because the name of the officer or agent who made the recommendation as to the mix of the spray was not set forth.

FELTON, Chief Judge, dissenting. Number 4 of the defendant's demurrer is as follows: "Defendant demurs specially to paragraph 7 of plaintiff's petition as amended on the grounds that same is vague and indefinite and fails to specify what agent, employee or representative of this defendant recommended that the plaintiff mix the spray in the proportion of two quarts of concentrate to 100 gallons of water." The defendant is a corporation and I think it was entitled to the information called for by this demurrer. The case cited by the majority, *Miller* v. *Southern Railway Co.*, 21 *Ga. App.* 367 (94 S. E. 619), is not authority, in my opinion, for the majority ruling because in that case the petition described the company's agent in charge of a specified ticket-office of the company, at a specified time and place and the company was presumed to know his name.

*Townsend, J., concurs in the foregoing dissent.*