38413. DANIELS *et al.* v. BRUCE.

DECIDED SEPTEMBER 27, 1960.

*Everett L. Almon,* for plaintiffs in error.

*Edward D. Wheeler,* contra.

NICHOLS, Judge. ■ The first assignment of error based on the trial court's ruling requiring the plaintiffs to make an election as to which of the two counts of the petition they would proceed on is well taken and meritorious. "A plaintiff who sues to recover damages for a personal injury may embrace in his petition two or more separate counts, setting forth different accounts of the manner in which he was injured, so as to meet any anticipated variations in the proof which may be adduced at the trial." *Gainesville & Dahlonega Electric Ry. Co. v. Austin,* 127 Ga. 120 (1) (56 S. E. 254). Also, "It is permissible to embrace in one petition in different counts as many causes of action as plaintiff sees proper, provided they are all of a similar nature." *Feeney Hay Co. v. Suggs,* 60 Ga. App. 42 (2) (2 S. E. 2d 806) ; *Cooper v. Portner Brewing Co.,* 112 Ga. 894 (38 S. E. 91). See also *Southern Ry. Co. v. Chambers,* 126 Ga. 404 (5) (55 S. E. 37, 7 L. R. A. (NS) 926), which states: "When a petition contains two or more counts and each sets forth a separate and distinct cause of action, the plaintiff will not be required to elect upon which count he will proceed." In the case under consideration here count 1 of

the petition alleges that the object causing the injury was a granite curb stone which came from the curbing along the street and was placed in the street by the defendant. Count 2 alleges that the objects causing the injury were a concrete slab, dirt and other debris, which came from the defendant's yard. Clearly under the pleadings here the plaintiffs were entitled to attempt to prove the allegations contained in either one or both counts and the trial court's denial of this right by requiring the plaintiffs to elect which one of the two counts they would proceed on was reversible error.

■ Each of the remaining assignments of error, in order to be passed on would require a consideration of the evidence, and the purported brief of evidence in this case is a stenographic report of the trial of the case and obviously no attempt has been made to delete immaterial and irrelevant portions therein. This purported brief of evidence is replete with colloquies between counsel and counsel, counsel and the court, arguments to the jury, questions propounded to prospective jurors, objections to evidence and rulings thereon, all of which are not properly a part of the brief of evidence, and under the decisions of the Supreme Court this does not show a bona fide attempt to brief such evidence as required by *Code Ann.* § 70-305. See *Calhoun v. State*, 211 Ga. 819 (89 S. E. 2d 197); *Turner v. Turner*, 205 Ga. 578 (54 S. E. 2d 410); and *Keith v. State*, 213 Ga. 743 (101 S .E. 2d 705).

Accordingly, since these assignments of error would require reference to the purported brief of evidence, this court will not therefore pass on them.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*