21977. MODERN HOMES CONSTRUCTION COMPANY
v. MACK.

Argued March 11, 1963—Decided April 4, 1963.

*W. Colbert Hawkins, Merlin H. Holland,* for plaintiff in error.
*L. H. Hilton, Hilton & Hilton,* contra.

HEAD, Presiding Justice. Jimmie Mack brought a petition in Screven Superior Court against Modern Homes Construction Company to enjoin a sale under a deed to secure debt, purporting to convey described land of the plaintiff to the defendant, which deed is recorded in the deed records of Screven County, and to cancel the record of the deed. It is asserted that the deed to secure debt and the note which it purports to secure are both forgeries.

It is alleged that the defendant is a Florida corporation "duly

authorized, admitted and licensed to do business in the State of Georgia." The copy of the deed to secure debt attached as an exhibit to the petition shows the address of the defendant as P.O. Box 1331, Valdosta, Georgia. An entry of service on the petition shows that it was served on James F. DeLoach as agent of the defendant.

The trial judge issued an order temporarily restraining the defendant from exercising the power of sale contained in the deed to secure debt. The defendant filed a traverse to the entry of service, a plea to the jurisdiction, and a general demurrer to the petition on the grounds that it fails to state a cause of action for equitable relief and that it shows on its face that the court does not have jurisdiction. The trial judge entered an order denying the defendant's traverse to the entry of service and its motion to vacate and set aside the entry of service, and denying and over-ruling the plea to the jurisdiction and the general demurrer to the petition. The exception is to this order.

*Code* § 22-1101 provides the manner in which service of process may be made on a corporation, but it does not fix the venue of an action against a corporation. If a foreign corporation is not subject to an equitable action in a county because it has no agent in that county, it can not be made subject to the jurisdiction of the court because an agent of the corporation may come into the county and there be personally served with process.

There was no allegation in the present petition that the defendant has an agent in Screven County on whom service may be perfected, and no other basis is shown to give the Superior Court of Screven County jurisdiction of the action. An action such as the present one must be filed in the county of the residence of a defendant against whom substantial relief is prayed. Constitution, Art. VI, Sec. XIV, Par. III (*Code Ann.* § 2-4903); *Code* § 3-202; *Meeks v. Roan,* 117 Ga. 865 (45 SE 252). "A foreign corporation doing business in this State may for purposes of suit be treated as a resident of this State and of any county therein in which it has an agent upon whom service can be perfected." *Saffold v. Scottish American Mortgage Co., Ltd.,* 98 Ga. 785, 787 (27 SE 208); *Louisville & Nashville R. Co. v. Meredith,* 194 Ga. 106, 108 (21 SE2d 101). "A foreign corporation with agents in this State upon whom service can be perfected can not

be subjected to suit in a county in which there is no such agent." *Gray v. Georgia Loan &c. Co.*, 166 Ga. 445 (1) (143 SE 501); *A. K. Adams & Co. v. Douglas-Coffee County Hospital Authority*, 209 Ga. 62 (4) (70 SE2d 730); *Liberty Bell Mut. Fire Ins. Co. v. Exum*, 209 Ga. 548 (1) (74 SE2d 738). It is not alleged that the defendant does not maintain a place of business in this State and agent in this State upon whom service may be perfected. The exhibit to the petition shows the address of the defendant as Valdosta, in Lowndes County.

"The absence of jurisdiction, appearing on the face of a petition, may be raised by general demurrer complaining that the petition fails to allege a cause of action for the relief sought." *Mullally v. Mullally*, 199 Ga. 708 (2) (35 SE2d 199). It was error for the trial judge to overrule the ground of the general demurrer attacking the jurisdiction of the court. This ruling is limited solely to the jurisdiction of the court and does not otherwise adjudicate that the petition failed to set out a cause of action.

Since the sustaining of the general demurrer to the petition would render the further proceedings nugatory, questions made as to the plea to the jurisdiction and traverse to the service are moot.

*Judgment reversed. All the Justices concur.*