41066. HORTON et al. v. DELTA AIR LINES, INC.

RUSSELL, Judge. ■ The provision of *Code Ann.* § 22-1509 providing that a foreign corporation doing business in this State and which does not maintain an agent or place of business within the State on whom service may be had may be sued in the county in which the transitory cause of action sued on arose establishes venue, under the circumstances stated, and is not applicable where there is a place of business or an agent other than the attorney in fact designated by the corporation to accept service. *Adams & Co. v. Douglas-Coffee County Hospital Authority,* 209 Ga. 62 (4) (70 SE2d 730). The provision of the same Code section which authorizes the issuance of a second original from the court of the county where the cause of action arose for service upon such an attorney in fact relates to service and not to venue. *Lloyd Adams, Inc. v. Liberty Mutual Ins. Co.,* 190 Ga. 633, 636 (10 SE2d 46). Both foreign and domestic corporations may generally be sued in transitory actions in the county where the cause of action arose provided there is in such county an agent or place of doing business within the jurisdiction of the court on whom service may be perfected. *Code* § 22-1101. "The weight of modern authority seems to support the proposition that a foreign corporation may be sued on a transitory cause of action in any jurisdiction where it can be found in the sense that service may be perfected upon an agent or officer transacting business for the corporation within that jurisdiction." *Reeves v. Southern R. Co.,* 121 Ga. 561, 565 (49 SE 674, 70 LRA 513, 2 AC 207). The exception contained in *Code Ann.*

§ 22-1509 allowing an action to be filed in the county of the state where the cause of action arose, although the corporation has no agent and is not doing business within such county, and providing for service by second original either on an attorney in fact to receive service or, if none, on the Secretary of State, applies only where the corporation "does not maintain a place of business or agent in this State upon whom service may be perfected." Such a situation obtained in *Diamond Alkali Co. v. Godwin,* 100 Ga. App. 799 (112 SE2d 365). ■ A petition which fails to allege facts affirmatively showing that venue is properly laid is bad on demurrer. *George Washington Life Ins. Co. v. Peacock,* 90 Ga. App. 296 (82 SE2d 875); *Ocilla Sou. R. Co. v. McAllister,* 20 Ga. App. 400 (93 SE 26). The petition in this case alleges that the defendant is a nonresident corporation engaged in doing business in this State and having an agent for service whose residence is in Fulton County, Ga. It fails to allege that there is any agent or place of business in Clayton County, where the action was brought and where the tort was allegedly committed, and it fails to allege that there is no agent or place of doing business within the State so as to establish venue in Clayton County and allow service by second original under the provisions of *Code Ann.* § 22-1509.

It was accordingly not error for the trial court to sustain the demurrer attacking the jurisdiction of the Superior Court of Clayton County and to dismiss the petition.

*Judgment affirmed. Felton, C. J., and Jordan, J., concur.*

DECIDED FEBRUARY 17, 1965—REHEARING DENIED
MARCH 10, 1965.

*Oze R. Horton,* for plaintiffs in error.
*Powell, Goldstein, Frazer & Murphy, B. D. Murphy,* contra.